# IN THE UNITED STATES DISTRICT COURT
## FOR THE _(N)ORTHERN_ DISTRICT OF TEXAS
_Wichita Falls_ DIVISION

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

_Enrique Cardona #1307907_
Plaintiff's name and ID Number

_(T.D.C.J. ID) Coffield Unit_
Place of Confinement

v. _Orlando (C)Taylor_
_2101 FM 369, N_
_Iowa Park, TX 76367_
Defendant's name and address
_(C)Timothy (C)Denney_
_2101 F.M. 369 N. Iowa Park, TX 76367_
Defendant's name and address
_Lieutenant (C)Burton_
_2101 FM 369 N. Iowa Park, TX 76367_
Defendant's name and address
(DO NOT USE "ET AL.")
_(C)They are being sued in their individual capacity._

**7-14-cv-042-O**

CASE NO: _7911-CV-013-O_
(Clerk will assign the number)

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

**FILING FEE AND IN FORMA PAUPERIS**

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

**I.  PREVIOUS LAWSUITS:**

A. Have you filed any other lawsuits in the state or federal court relating to imprisonment?  _____ YES  ___✓___ NO

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: _____N/A_____

2. Parties to previous lawsuit:
   Plaintiff(s): _____N/A_____

   Defendant(s): _____N/A_____

3. Court (If federal, name the district; if state, name the county) ___N/A_____

4. Docket Number: _____N/A_____

5. Name of judge to whom case was assigned: _____N/A_____

6. Disposition: (Was the case dismissed, appealed, still pending?)

   _____N/A_____

7. Approximate date of disposition: _____N/A_____

**II. PLACE OF PRESENT CONFINEMENT:** _Coffield Unit_

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? ✓ YES ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: _2661 FM 2054 Tennessee Colony, TX 75884._

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _Orlando Taylor (C.O) 2101 FM 369, N. Iowa Park, TX 76367_

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

_Assaulted me while restrained. See attachment IV Parties to the suit._

Defendant #2: _Arias (C.O) 2101 FM 369, N. Iowa Park, TX 76367._

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

_Retaliated against me & assaulted me by slamming me while restrained._

Defendant #3: _Timothy Denney (C.O) 2101 FM. 369, N. Iowa Park, TX 76367._

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

_Assaulted me while restrained._

Defendant #4: _Lieutenant Burton 2101 FM 369. N. Iowa Park, TX 76367. was deliberately indifferent to my medical needs and safety._

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

_Conspired with her subordinates, the assaulting (CO's) retaliated against me._

Defendant #5: _Cpt. Capps. 2101 FM 369 N. Iowa Park, TX 76367 was deliberately indifferent to my medical needs and safety, conspired_

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

_With the assaulting officers. Breach of duty, falsified official documents._

## V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal argument or cite any cases of statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

*SEE: ATTACHMENT V STATEMENT OF CLAIM.*

## VI. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

*SEE ATTACHMENT VI REQUESTED RELIEF.*

## VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

*ENRIQUE CARDONA.*

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

*# 1307907*

## VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES  ✓ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): *NONE.*

2. Case Number: *NONE*

3. Approximate date sanctions were imposed: *NONE*

4. Have the sanctions been lifted or otherwise satisfied? *N/A* YES *N/A* NO

C.  Has any court ever warned or notified you that sanctions could be imposed? _N/A_ YES _N/A_ NO

D.  If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that imposed warning (if federal, give the district and division): _____NONE_____

    2.  Case number: _____NONE_____

    3.  Approximate date warning were imposed: _NONE_____

Executed on: _2/19/14_
        (Date)

_ENRIQUE CARDONA._
        (Printed Name)

_Enrique Cardona_
        (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2.  I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3.  I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this _19th_ day of _FEBRUARY_, 20 _14_.
    (Day)        (Month)        (Year)

_ENRIQUE CARDONA._
        (Printed Name)

_Enrique Cardona_
        (Signature of Plaintiff)

**WARNING:  The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions.  The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WISHITA FALLS DIVISION

ENRIQUE CARNODA,                        £
T.D.C.J.#:1307907,                      £
     PLAINTIFF,                         £
VS.                                     £    CIVIL ACTION NO. 7:11-CV-013-O
                                        £
OFFICER ARIAS et.al.,                   £
     DEFENDANT.                         £
                                        £

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE REED O' CONNOR, UNITED STATES DISTRICT JUDGE:

COMES NOW ENRIQUE CARDONA,BY AND THROUGH PLAINTIFF FILES SUIT UNDER 42 U.S.C.§ 1983 ALLEGES THAT THE PLAINTIFF WAS SUBJECTED TO EXESSIVE AND MISUSE OF FORCE BY SEVERAL DEFENDANTS,SOME OF WHOM ACTIVELY BEAT AND KICKED HIM AND OTHERS OF WHOM WATCHED AND FAILED TO INTERVENE,IN VIOLATION OF THE EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION,PLAINTIFF ALSO ALLEGES RETALIATION AGAINST HIM DUE TO HIS EXERCISE OF HIS CONSTITUTIONAL RIGHTS.

## JURY TRIAL DEMANDED

PLAINTIFF'S DEMAND IS HEREWITH FOR JURY TRIAL IN THE FOREGOING CAUSE OF ACTION,PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE THERETO.

## JURISDICTION AND VENUE

1.  THIS ACTION ARISES UNDER AND IS BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983 TO REMEDY THE DEPRIVATION,UNDER COLOR OF STATE LAW,OF RIGHTS GUARANTEED BY THE EIGHT AND FIRST AMENDMENTS TO THE UNITED STATES CONSTITUTION. THIS COURT HAS JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1343(3) AND (4). PLAINTIFF ALSO SEEKS A DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201.

2.  VENUE PROPERLY LIES IN THIS DISTRICT PURSUANT TO 28 U.S.C. SECTION 1391(b)(2),BECAUSE THE EVENTS GIVING RISE TO THIS CAUSE OF ACTION OCCURRED AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE,CORRECTIONAL INSTITUTION DIVISION ("ALLRED'UNIT") IN 2101 FM 369 NORTH LOWA PARK,TEXAS [76367] WHICH IS LOCATED WITHIN THE NORTHERN DISTRICT OF TEXAS WICHITA FALLS DIVISION.

## PARTIES

3.  PLAINTIFF ENRIQUE CARDONA WAS,AT ALL TIMES RELEVANT HERETO,AN INMATE CONFINED IN THE CUSTODY OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("ALLRED UNIT"),AT ALL TIMES OF THE EVENTS RELEVANT HERETO.

1

## DEFENDANT #1.

4.   ON 02/05/09. DEFENDANT TAYLOR,SLAMMED ME AGAINST THE CONCRETE FLOOR WHERE I WAS FULLY RESTRAINED AND HANDCUFFED BEHIND MY BACK.

5.   DURING THE ASSAULT THAT ENSUED I SUSTAINED A SPRAINED THUMB,DUE TO THIS OFFICERS ACTION OF BENDING IT BACKWARDS IN AN ATTEMPT TO BREAK IT. I WAS KNEED ON THE LEFT SIDE OF MY LOWER BACK WITH THE PROTECTIVE GEAR THEY WEAR, I WAS ALSO LEFT WITH SEVERAL KNOTS ON MY HEAD,NUMEROUS BRUISES ON MY ARMS AND LEGS AS WELL AS A COUPLE OF BROKEN FRAGMENTS OFF OF MY MOLAR TEETH.

6.   AS A RESULT OF THIS ASSAULT I SUFFERED PERSONAL HARM        WICH RESULTED IN PHYSICAL INJURY,PAIN AND SUFFERING DUE TO THEIR INTENTIONAL INFLICTION OF CORPORAL PUNISHMENT.

7.   WHEN THESE EVENT TOOK PLACE I WAS NOT RESISTING I DID NOT POSE ANY THREAT TO ANY OF THE OFFICERS INVILVED NOR WAS I BREAKING ANY RULES AT THE TIME THE ASSAULT OCCURED.

8.   DEFENDANT TAYLOR'S EXCESSIVE WANTON USE OF UNNECESSARY FORCE WAS MALICIOUSLY AND SADISTICALLY APPLIED,IN LIGHT OF THE CIRCUMSTANCES CONFRONTING HIM.

## DEFENDANT #2.

9.   ON 1/2/09.,OFFICER ARIAS SLAMMED ME AGAINST THE FLOOR WHILE I WAS                       HANDCUFF     BEHIND MY BACK. THIS ACTION WAS TAKEN AGAINST ME DUE TO THE EXERCISE OF MY CONSTITUTIONAL PROTECTED RIGHT TO PETITION THE GOVERMENT FOR REDRESS OF GRIEVANCES.

10.  OFFICER ARIAS HAD LABELED ME A "SNITCH" DUE TO MY EXERTION OF SAID RIGHT AND HAD THREATEN TO INFLICT HARM ON ME PRIOR TO SLAMMING ME.

11.  HE RETALIATED AGAINST ME BY ASSAULTING ME AND ISSUING ME A FALSE DISCIPLINARY CASE OF "ATTEMPT OF ASSAULT."

## DEFENDANT #3.

12.  ON 2/5/09,DEFENDANT DENNY,INTENTIONALLY AND MALICIOUSLY SLAMMED ME AGAINST THE FLOOR IN A VICIOUS MANNER. OFFICER DENNY FAILED TO EXERCISE THE DEGREE AND CAUTION WICH WOULD HAVE BEEN EXERCISED BY A PERSON USING ORDINARY JUDGMENT IN THE SAME OR SIMILAR CIRCUMSTANCES.

13.  DEFENDANT DENNY ASSAULTED ME BY KNEEING OR STRIKING ME WHILE ON THE FLOOR WITHOUT PROVOCATION OR JUSTIFICATION AS I WAS DEFENSELESS AND FULLY RESTRAINED.

## DEFENDANT #4.

14.  ON 2/5/09., DEFENDANT BURTON,WAS THE SUPERVISING OFFICER IN DIRECT CHARGE OF THE [U.O.F] TEAM,WHO GAVE THE DIRECT ORDER THAT I BE DISPLAYED NAKED IN THE HALLWAY,AND WAS DIRECTLY RESPONSIBLE OF THE SUBSEQUENT ORDER OF PLACING ME NAKED IN A CELL FULL OF CHEMICAL AGENTS.

15.  SHE INTENTIONALLY USED THAT PRISON CELL AS A CHEMICAL CHAMBER,WITH THE SOLE PUNITIVE INTENT OF RETALIATING AGAINST ME DUE TO THE PRIOR COMPLAINTS I HAD FILED AGAINST HER

DEFENDANT BURTON BREACHED HER DUTY AS A SUPERVISING OFFICER BY INTENTIONALLY ABDICAT-
ING HER RESPONSIBILITY TO SUPERVISE THE [U.O.F.] TEAM. BY REFUSING TO REMOVE THE ASSAU-
LTING OFFICERS,BY FALSIFYING OFFICIAL DOCUMENTS STATING I HAD SUSTAINED NO INJURIES,
#2 BY STATING THERE WERE NO WITNESS STATEMENTS MADE BY    ANY INMATES;BY REFUSING TO
TAKE PICTURES OF MY INJURIES OR GIVE ME AN OFFENDER PARTICIPANTS STATEMENTS AND BY
DENYING ME THE OPPORTUNITY TO BE TAKEN TO THE MEDICAL DEPARTMENT FOR A MEDICAL EVA-
LUATION.

16. DEFENDANT BURTON ACTING WITHIN THE ZEAL OF AUTHORITY OF THE STATE AS AN EMPLOYEE  OF
    [T.D.C.J-CID] CAUSED ME TO SUFFER CONTINUOUS PHYSICAL PAIN AND MENTAL ANGUISH THROUGH
    HER FAILURE TO OFFORD ME THE OPPORTUNITY TO TAKE A SHOWER OR FURNISH THE MEANS TO DE-
    CONTAMINATE MYSELF; BY REFUSING TO DECONTAMINATE THAT CELL I WAS FORCED INTO OR  IN
    THE ALTERNATIVE HOUSE ME IN A CLEAN CELL,ALL STANDARD PROCEDURES USED TO TREAT PRISON-
    ERS AND DECONTAMINATE THE LIVING AREAS AFTER THE USAGE OF CHEMICAL AGENT(s).

17. DEFENDANT BURTON HAD AN UNYIELDING DUTY TO KNOW,AND PROTECT THE RIGHTS OF PRISONERS
    TO BE TREATED HUMANELY AT ALL TIMES AND TO BE FREE FROM GRATITUOUS  BEATINGS,YET  THE
    DEFENDANT CONSCIOUSLY CHOSE TO INTENTIONALLY DISREGARD HER DUTIES AND ABUSE HER PO-
    SITION OF AUTHORITY.

18. DEFENDANT BURTON FAILED GROSSLY TO EMPLOY DUE DILIGENCE AND TO COMPLY WITH AGENCY GUIDE-
    LINES,POLICIES AND PROCEDURES IN THE DISCHARGING OF HER OFFICIAL SUPERVISING DUTIES.

19. THESE PROCEDURES ARE "ALWAYS" FOLLOWED AS A MATTER OF COURSE DEFENDANTS ACTIONS, DIS-
    PLAYED THE GENERAL DISREGARD TOWARDS THE LAW BEHIND THESE PRISON WALLS AND AN INDIFF-
    RENCE TOWARDS MY RIGHTS HEALTH AND SAFETY,DUE TO THE FACT THAT AT NO TIME ARE LEGITI-
    MATE INSTRUMENTS OF CONTROL TO BE USED TO ACHIVE AN INTENTIONAL INFLICTION OF PUNISH-
    MENT BY HOUSING A PRISONER NAKED IN A CELL FULL OF CHEMICAL AGENTS.

DEFENDANT #5.

20. DEFENDANT CAPPS,WAS A SEARGENT IN DIRECT CHARGE OF THE SUPERVISION OF THE [U.O.F.]
    TEAM.

21. DEFENDANT CAPPS ACTING AS A SUPERVISING OFFICER FAILED TO PROTECT ME FROM THE EXCES-
    SIVE USE OF FORCE BY THE OFFICERS UNDER HIS SUPERVISION.

26. HE BREACHED HIS DUTY BY FLATLY REFUSING TO INTERVIENE OR TO REMOVE THE ASSULTING OFFI-
    CERS. THE DEFENDANT EXHIBITED A GENERAL DISREGARD TOWARDS MY SAFETY,IN HIS FAILURE TO
    PREVENT OR STOP THE ASSAULT BY THE OFFICERS UNDER HIS DIRECT SUPERVISION AND BY INS-
    TRUCTING THE OFFICERS TO FORCE ME INTO A CELL FULL OF CHEMICAL AGENTS.

23. DEFENDANT CAPPS,WAS DELIBERATELY INDIFFERENT TOWARDS MY HEALTH,BY DENYING ME THE OPPOR-
    TUNITY TO BE TAKEN TO THE MEDICAL DEPARTMENT TO BE EVALUATED BY MEDICAL PERSONNEL AND
    TREATED FOR THE INJURIES I HAD SUSTAINED,HE ALSO REFUSED TO ABIDE WITH AGANCY POLICY
    AND STANDARD PROCEDURES TO TAKE-PICTURES OF MY INJURIES,TO PROVIDE ME THE OPPORTUNITY
    TO CLEANSE MYSELF FROM THE TEAR GAS USED ON ME,AND TO PLACE ME IN A CLEAN UNCONTAMI-

NATED AREA. THESE PROCEDURES ARE ALWAYS FOLLOWED AS A MATTER OF COURSE.

24. DEFENDANT CAPPS,THROUGH HIS ACTS AND OMISSIONS USED FORCE,VIOLENCE AND INTIMIDATION
IN CONSPIRING WITH LT.BURTON AND THE [U.O.F.]TEAM MEMBERS FOR THE PURPOSE OF PREVENT-
ING ME FROM ENJOYING THE EQUAL PROTECTION OF THE LAWS AND PRIVILEGES AS A CITIZEN UNDER
THE LAWS OF THE U.S. AND THE STATE OF TEXAS,INCLUDING BUT NOT LIMITED TO: THE RIGHT
TO PETITION THE GOVERMENT FOR THE REDRESS OF GRIEVANCES,THE RIGHT TO BE SECURED IN MY
PERSON AND TO BE FREE FROM THE INFLICTION OF CRUEL AND UNUSUAL PUNISHMENT.

25. DEFENDANT CAPPS ALONG WITH THE [U.O.F.] MEMBERS CONSPIRED TO DEPRIEVE ME OF THE MINIMAL
CIVILIZED MEASURES OF LIFES NECESSITIES AND BASIC HUMAN NEEDS. THEY TAMPERED GOVER-
MENT RECORDS BY LYING ON OFFICIAL DOCUMENTS,AS TO THE FACTS OF THE INCIDENT OF 2/5/09
BY ALTERING THE AGENCY PROCEDURES, AFTER A [U.O.F.] THROUGH FALSE ENTRIES IN AN ATTEMPT
TO CONCEAL EVIDENCE OF THE ASSAULT AND TO DENY ME "DUE PROCESS" AND EQUAL PROTECTION
OF THE LAW.

DEFENDANT #6.

26. ON 2/5/09 DEFENDANT ALVARADO WAS ASSIGNED AS A MEMBER OF THE USE OF FORCE TEAM,WHEN
THE PLAINTIFF WAS SLAMMED AGAINST THE CONCRETE FLOOR.

27. THE DEFENDANT AS AN AGENT OF THE STATE FAILED TO PERFORM THE DUTY AND UNDERTAKING OF
OATH WICH HE AGREED TO BE HIS PRINCIPLE TO PERFORM,BY FAILING TO INTEREVENE.

28. THE SUBSTANTIAL FAILURE OF OFFICER ALVARADO TO PERFORM HIS LEGAL DUTIES,WAS A BREACH
OF DUTY WICH CONSEQUENTLY CAUSED MY INJURIES PAIN AND SUFFERING THROUGH HIS ACT   OF
NONFEASANCE.

29. DEFENDANT ALVARADO FAILED TO INTERVENE OR TAKE REASONABLE MEASURES TO PROTECT ME FROM
THE USE OF FORCE WICH COULD HAVE PREVENTED THE HARM CAUSED BY THE ACTIONS OF THE OTHER
OFFICERS. HE ALSO FAILED TO INTERVINE AND AVERT THE SUBSEQUENT ACTIONS OF LEAVING ME
NAKED IN AN EMPTY CELL FULL OF GAS.

DEFENDANT #7.

30. DEFENDANT SHULTS WAS ASSIGNED AS A MEMBER OF THE USE OF FORCE TEAM WHEN I WAS ASSAUL-
TED ON 2/05/09. THIS DEFENDANT ALSO STOOD BY AND FAILED TO INTERVENE TO PROTECT ME
FROM THE ASSAULTING OFFICERS.

31. DEFENDANT SHULTS,WAS IN BREACH OF HER DUTY THROUGH HER FAILURE TO PERFORM HER LEGAL
DUTIES DUE TO HER ACT OF NONFEASANCE BY FAILING TO ACT WHEN THE [U.O.F] TEAM MEMBERS
ASSULTED ME AND BY FAILING TO INTEREVENE OR AVERT THE SUBSEQUENT ACT OF FORCING ME
INTO AN EMPTY CELL FULL OF GAS.

**DEFENDANT# 8.**

32. DEFENDANT FOX,IS A NURSE AT THE ALLRED UNIT,EMPLPLOYEED THROUGH [T.T.U.H.S.C] SHE IS BEING SUED IN HER INDIVIDUAL CAPACITY.

33. DEFENDANT FOX,WAS 'DELIBERATE INDIFFERENT TO MY HEALTH AND MEDICAL NEEDS. SHE CONSPIRED WITH THESE ROUGE OFFICERS TO DEPRIOVE ME OF MY CONSTITUTIONAL RIGHTS TO ADDRESS MY MEDICAL NEEDS.

34. DEFENDANT BREACHED HER DUTY TO TAKE OVER THE SITUATION AS A MEDICAL PROVIDER BY DENYING ME MEDICAL ATTENTION AND INSTEAD WENT ALONG WITH SECURITY STAFF DECISION TO PLACE ME NAKED IN AN EMPTY CELL FULL OF CHEMICAL AGENTS,RATHER THAN HAVE ME TAKEN TO THE MEDICAL DEPARTMENT FOR A PHYSICAL AND AFFORD ME THE OPPORTUNITY AND MEANS TO DECONTAMINATE MYSELF,AS WELL AS AFFORD ME ACCESS TO A CLEAN ENVIROMENT FREE OF TEAR GAS.

35. DEFENDANT FOX, SPOKE TO THESE SAME OFFICERS WHO ASSAULTED ME AND INTO THE CAMERA STATING I HAD SUSTAINED NO INJURIES NURSE FOX "NEVER" ADDRESSED ME PERSONALLY NOR DID SHE ASKED ME IF I HAD  SUSTAIMED ANY INJURIES,WICH IS STANDARD PROCEDURE AFTER A MAJOR USE OF FORCE.

36. DEFENDANT FOX HAD PREVIOUSLY TAKEN THE SAME POSITION DURING A PREVIOUS USE OF FORCE ON 1/2/09 INWICH OFFICER ARIAS BODY SLAMMED ME WHILE I WAS HANDCUFFED BEHIND MY BACK.

37. DURING THAT INCIDENT SHE LIKEWISE SPOKE TO THE OFFICERS INSTEAD OF ADDRESSING ME AND TOLD THEM I HAD SUSTAINED NO INJURIES SO I WAS NOT TAKEN TO THE MEDICAL DEPARTMENT FOR AN EVALUATION.

38. DEFENDANT FOX BREACHED HER DUTY AS A PROFESSIONAL INDEPENDANT MEDICAL PROVIDER IN CONSPIRING WITH THESE OFFICERS BY LYING STATING I HAD SUSTAINED NO INJURIES,DENYING ME, MEDICAL TREATMENT,BY REFUSING TO EVALUATE MY INJURIES AND BY BEING DELIBERATE INDIFFERENT TO MY MEDICAL NEEDS BY ALLOWING SECURITY STAFF TO FORCE ME INTO A CELL FULL OF CHEMICAL AGENTS.

**DEFENDANT #9.**

39. DEFENDANT GONZALEZ THROUGH HER ACT OF SCIENTER CONSPIRED WITH THE [U.O.F] TEAM MEMBERS BY FALSELY ACCUSSING ME OF DASHING HER WITH A CUP OF WATER WHEN IN FACT SHE KNEW IT HAD BEEN INMATE BILLINGSLY WHO HAD THROWN THAT WATER AT HER,WHEN THAT WATER WAS THROWN AT HER,SHE WAS STANDING DIRECTLY IN FRONT OF INMATE BILLINGSLY,THUS THERE WAS NO BASIS FOR MISIDENTIFICATION BECAUSE,BILLINGSLY IS AN AFRICAN AMERICAN MALE WITH DARK COMPLECION AND,I AM A LATIN AMERICAN MALE WITH WHITE COMPLECION.

40. THIS ACT OF FALSELY ACCUSSING ME OF ASSAULTING OFFICER GONZALES AND OF ATTEMPTING TO ASSAULT OFFICER DENNY WAS THEIR ATTEMPT TO SHIFT THE BLAME TOWARDS ME IN AN ATTEMPT TO JUSTYFY THE ASSAULT THEY,PERPETRATED.

**DEFENDANT #10.**

41. DEFENDANT BOYLE CONSPIRED WITH THE OFFICERS INVOLVED IN THE [U.O.F] BY DECLARING ME
    GUILTY OF A FALSE DISCIPLINARY CASE OFFICER GONZALES FABRICATED THROUGH HER ACT OF SCIN-
    TER,AND BY HIS REFUSAL TO COMPLY WITH THE DUE PROCESS REQUIREMENT AND ADMINISTRATION
    POLICY AND PROCEDURES BY REFUSING TO AFFORD ME THE OPPORTUNITY TO PRESENT ANY OF MY WITT-
    NESS OR TO TESTIFY ON MY OWN DEFENSE.

42. DEFENDANT BOYLE TOOK THE INMATE STATEMENTS I HAD PROCURED ON MY OWN,AND REFUSED TO PRO-
    VIDE ME WITH A COPY OF THEM OR GIVE THEM BACK TO ME INSPITE OF HIS CONCLUSION THAT THEY
    DID NOT HAVE ANYTHING TO DO WITH THE DISCIPLINARY CHARGE,THESE STATEMENTS WERE TAKEN
    FROM ME BECAUSE THEY FALSIFIED OFFICIAL DOCUMENTS IN THE U.O.F. REPORT,RECORDINGS THAT
    THERE WERE NO SUCH INMATE WITNESS STATEMENT WILLING TO TESTIFY.

**DEFENDANT # 11.**

43. DEFENDANT HARRIS WAS ASSIGNED THE OFFICIAL DUTY TO CONDUCT AN INVESTIGATION INTO THE
    INCIDENT IN WICH I WAS ASSAULTED ON 2/5/09. THIS MEETING WAS CONDUCTED ON 2/10/09. THE
    NEXT DAY CPT,HARRIS PRESIDED OVER THE DISCIPLINARY HEARING SURROUNDING THE EVENTS HE
    HAD INVESTIGATED THE DAY BEFORE, DURING THAT MEETING I REQUESTED TO HAVE MY INJURIES
    PHOTOGRAPHED,BUT NO PICTURES WERE EVER TAKEN.

44. DEFENDANT HARRIS,ALONG WITH THE ASSAULTING OFFICER CONSPIRED TO CONCEAL THE FACTS OF
    THE ASSAULT,BY REFUSING TO ALLOW THE RIGHT TO CALL ANY OF MY WITNESSES OR TO QUESTION
    THE ASSAULTING OFFICER AS TO WHETHER HE HAD SLAMMED ME OR ASSAULTED ME,AND BY DECLARING
    ME GUILTY OF A FABRICATED DISCIPLINARY CHARGE. HIS DECISON WAS BASED ENTIRELY ON THE
    TESTIMONY OF THE SAME OFFICER WHO ASSAULTED ME,SO LOGIC WOULD TELL ANY MAN OF REASON THE
    PERPETRATOR WAS NOT GOING TO ACCUSED HIMSELF,DEFENDANT HARRIS FAILED TO MAINTAIN ANY
    DEGREE OF INPARTIALITY AND FAIRNESS IN THE ADMINISTRATION OF HIS OFFICIAL DUTIES.

45. DEFENDANT HARRIS AND DENNY CONSPIRED AMONG THEMSELVES TO COVER UP THE WRONGFUL ACTS BY
    THE [U.O.F] TEAM WHO COMMITTED THE UNCONSTITUTIONAL ACTS DESCRIBED HEREIN,AND DEPRIVE
    ME OF THE RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT,DUE PROCESS,AND THE
    EQUAL PROTECTION OF THE LAWS UNDER THE U.S.CONSTITUTION.

**DEFENDANT #12.**

46. DEFENDANT NORWOOD,IS IN DIRECT CHARGE OF THE SUPERVISION OF ALL SECURITY PERSONEL,HE
    HAD DIRECT KNOWLEDGE OF MY VARIOUS ATTEMPTS TO COMMUNICATE TO SENIOR ADMINISTRATIVE
    OFFICIALS THROUGH THE GRIEVANCE MECHANISM THE PERSISTENT ACTIONS AND THREAT BY LT.BURTON
    AND HER SUBORDINATES.

47. HIS CALLOUS DISREGARD OF MY REPEATED COMPLAINTS PROMULGATED THE POLICIES,PRACTICE,AND
    CUSTOM UNDER WICH THE CONSTITUTIONAL VIOLATIONS OCCURED.

48. HIS FAILURE TO INVESTIGATE COMPLAINTS OF EXCESSIVE USE OF FORCE CREATED THE UNLAWFUL
    PRACTICES HE INTENTIONALLY OVERLOOKED A CLEAR RISK OF UNLAWFUL CONDUCT.

49. HE FAILED TO ADEQUATELY TRAIN AND SUPERVISE THESE OFFICERS REGARDING THE RULES REGU-
LATIONS, PROCEDURES AND AGENCY POLICIES IN THE TREATMENT OF PRISONERS DURING AND AFTER A USE
OF FORCE, AS WELL AS THE DUTIES WICH MUST MEET OR EXCEED THE STANDARDS ESTABLISHED THAT
GOVERNS ALL OFFIALS IN THEIR TREATMENT OF PRISONERS, DEFENDANT NORWOOD, WAS NOTIFIED RE-
GARDING THE PRIOR ASSAULTS BY OFFICERS UNDER THE DIRECT SUPERVISION OF LT., BURTON, YET
HE FAILED TO TAKE ANY CORRECTIVE MEASURES TO AVERT           [FURTHER] VIOLENCE AGAINST
ME. INSTEAD HE SIGNED OFF ON THE GRIEVANCES I FILED STATING THERE WAS NO EVIDENCE TO
TO SUBSTANTIATE MY CLAIMS AGAINST STAFF MISCONDUCT. WICH IS THE GENERAL RESPONSE" GIVEN
TO INMATES COMPLAINTS THE MAYORITY OF THE TIME. DEFENDANT NORWOOD THROUGH HIS REFUSAL
TO ADDRESS AND CORRECT THE ONGOING ABUSIVE, BEHAVIOR, AND HIS FAILURE TO DETER FURTHER
VIOLENCE AGAINST ME, CONDONED AND TOLERATED THE OFFICERS ACTIONS OF ASSAULTING RESTRAIN-
ED INMATES AND THERE AFTER CHARGING US WITH FALSE DISCIPLINARY CASES OF "ATTEMPT OF
ASSAULT" OR ASSAULT ON AN OFFICER.

50. DEFENDANT NORWOOD, CHOSE TO DISREGARD THE KNOWN RISK OF THE REPORTED THREATS OF PHYSICAL
HARM BY LT. BURTON AND THE OFFICERS UNDER HER SUPERVISION, WICH CONSEQUENTLY LED TO THE
SUBSEQUENT INJURIES I SUSTANED DURING THE [U.O.F] OF 2/05/09. HIS RECKLESS DISREGARD
BASED ON THE DEFICIENCIES IN INVESTIGATORY PROCEDURES DIRECTLY CONSTRIBUTED TO THE WIDE
SPREAD PRACTICE AND CUSTOM OF ASSAULTING RESTRAINED INMATES.

51. THIS SENIOR ADMINISTRATIVE OFFICIAL ACTIONS OF SIGNING OFF, ON OUR COMPLAINTS OF [U.O.F]
WITHOUT ANY MEANIGFUL INVESTIGATION ARE SO COMMON AND PREVAILING THAT THEY CONSTITUTE
AN OFFICIAL POLICY OF TOLERATING OFFICERS ABUSIVE BEHAVIOUR TOWARDS PRISONERS.

### DEFENDANT#13.

52. DEFENDANT WILLIAMS, IS THE SENIOR ADMINISTRATIVE OFFICIAL AT THE ALLRED UNIT. HIS DECI-
SION TO RETAIN OFFICER TAYLOR ENPLOYED, ALONG WITH HIS DECISION TO PLACED SG. T. CAPPS
AND LT. BURTON IN A SUPERVISORY POSITION WITHOUT ADEQUATE TRAINING  DIRECTLY CONTRIBUTED
TO THE VIOLATION OF MY CONSTITUTIONAL RIGHTS DESCRIBED IN THIS COMPLAINT AND THE INJURIES
I SUSTAINED.

53. "UPON INFORMATION AND BELIEF" I WAS INFORMED THAT OFFICER TAYLOR HAD PREVIOUSLY LOST
HIS SUPERVISING POSITION DUE TO HIS ACTIONS OF ASSAULTING ANOTHER INMATE NOTWITHSTAND-
ING THIS KNOWLEDGE DEFENDANT WILLIAMS FAILED TO TERMINATE THIS OFFICERS EMPLOYMENT.

54. DEFENDANT WILLIAMS WAS DELIBERATE INDIFFERENT TO MY CONSTITUTIONAL RIGHTS THROUGH HIS
CONTINUED ENTRUSTMENT OF AUTHORITY OVER PRISONERS TO OFFICER TAYLOR DISPITE HIS KNOW-
LEDGE OF THIS OFFICERS PROPENSITY OF VIOLENCE AGAINST INMATES, NOTWITHSTANDING THIS
   KNOWLEDGE, HE CHOSE TO RETAIN OFFICER TAYLOR EMPLOYED. THIS ACT OF RETAINING OFFICER
TAYLOR ENPLOYED, AND HIS FAILURE TO ADEQUATELY TRAIN AND SUPERVISE SGT. CAPPS AND LT. BUR-
TON CREATED THE CONDITIONS UNDER WICH THESE VIOLATIONS AND DEPRAVATIONS OCCURED.

55. DEFENDANT WILLIAMS FACILITATED THESE CONSTITUTIONAL VIOLATIONS THROUGH HIS INTRUSTMENT

OF AUTHORITY OVER PRISON PERSONNEL TO DEFENDANT BURTON WITHOUT THE REQUIRED TRAINING
FOR SAID SUPERVISORY DUTIES. THE VIOLATION OF THESE SUPERVISORY DUTIES,AGENCY,POLICIES
GUIDELINES AND DIRECTIVES ARE AS FOLLOW:(1) FAILURE TO PASS OUT WITNESS STATEMENT,AND
(2) FAILURE TO PROVIDE ME WITH A [U.O.F] PARTICIPANT STATEMENT REPORT,AND(3) FALSI-
FYING OFFICIAL DOCUMENTS,STATING THERE WERE NO INMATES WITNESS STATEMENTS MADE,AND(4)
REFUSAL TO PHOTOGRAPH MY INJURIES,AND(5) REFUSING TO TAKE ME TO THE MEDICAL DEPARTMENT
FOR AN EVALUATION,AND (6) DENIAL OF THE OPPORTUNITY TO DECONTAMINATE MYSELF FROM THE
CHEMICAL AGENTS USED ON ME,AND(7),THROUGH THE USAGE OF LEGITIMATE INSTRUMENTS OF CONTROL
TO ACHIEVE THE INTENTIONAL INFLICTION OF CORPORAL PUNISHMENT, BY HOUSING ME NAKED
IN AN EMPTY CELL FULL OF CHEMICAL AGENTS,AS A MEANS OF PUNISHMENT.,AND (8),BY NOT INTER-
VENING TO QUELL THE ASSAULT BY THE [U.O.F] TEAM MEMBERS,AND (9) BY NOT REMOVING THE
ASSAULTING OFFICERS.

56. DEFENDANT WILLIAMS CREATED A CUSTOM OF INADEQUATE TRAINING AND SUPERVISORY DUTIES SHOWN
BY THE RECKLESS DISREGARD BASED ON DEFECIENCIES IN INVESTIGATORY PROCEDURES WICH RESUL-
TED IN THE SERIOUS INJURIES I SUSTAINED.

57. THERE IS EVIDENCE THAT DEFENDANT WILLIAMS HAD ACTUAL KNOWLEDGE THAT THE RETANTION OF
OFFICER TAYLOR CREATED A SUBSTANTIAL RISK OF HARM TOWARDS INMATES DUE TO OFFICER TAYLOR'S
HISTORY OF ASSAULTING OTHER INMATES,BASED ON THIS KNOWLEDGE OF OFFICER TAYLORS EMPLOY-
MENT HISTORY AND HIS FAILURE TO TRAIN AND SUPERVISE LT.BURTON AND SGT CAPPS.,THEIR
FAILURE TO ENFORCE ESTABLISHED REGULATIONS ON THE [U.O.F] PROCEDURES AND THE PATTERN
OF OFFICERS MISCONDUCT AND ABUSE OF AUTHORITY THROUGH THE EXCESSIVE USE OF FORCE,LEAD
TO THE CONCLUSION THAT THESE ACTS WERE A DIRECT CONSEQUENCE OF DEFENDANTS WILLIAMS
DELIBERATE INDIFFERENCE TOWARDS MY NEED FOR SAFETY.

58. ALL THE DEFENDANT(S) HAVE ACTED AND CONTINUE TO ACT,UNDER COLOR OF STATE LAW AT ALL
TIMES RELEVANT TO THIS COMPLAINT.

### PREVIOUS LAWSUITS BY PLAINTIFF

59. PLAINTIFF HAS FILED NO OTHER LAWSUITS DEALING WITH THE SAME FACTS INVOLVED IN THIS
ACTION OR OTHERWISE RELATING TO HIS IMPRISONMENT.HOWEVER,THIS IS PLAINTIFF'S FIRST
AMENDED COMPLAINT.

### STATEMENT OF CLAIM

60. AT ALL RELEVANT TIMES HEREIN,DEFENDANTS WERE "PERSONS" FOR PURPOSE OF 42 U.S.C. SECTION
1983 AND ACTED UNDER COLOR OF LAW TO DEPRIVE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS
AS SET FORTH MORE FULLY BELOW:

### V. STATEMENT OF FACTS

COUNT#1 EXCESSIVE USE OF FORCE

61. ON 2/5/09 AT THE ALLRED UNIT I WAS PHYSICALLY ASSAULTED BY OFFICER TAYLOR DURING A USE
OF FORCE.

62. DEFENDANT TAYLOR,INTENTIONALLY SUBJECTED ME TO THE EXCESSIVE USE OF FORCE,BY SLAMMING
ME AGAINST THE CONCRETE FLOOR. AT THE TIME OF THE ASSAULT I WAS FULLY RESTRAINED,SHACK-
LED AND HANDCUFFED,BEHIND MY BACK.

63. DEFENDANT TAYLOR ACTIONS WERE UNPROVOCKED,AND WITHOUT PENOLOGICAL JUSTIFICATION,GIVEN THE FACT THAT I WAS NOT RESISTING NOR DID I POSED A THREAT TO ANY OF THE OFFICERS IN- VOLVED. AFTER I WAS BODY-SLAMMED,MY THUMB WAS BEND BACKWARDS REPEATEDLY IN AN ATTEMPT TO BREAK IT.

64. THE FORCE USED BY TAYLOR,WAS AN UNREASONABLE RESPONSE TO THE INSTITUTIONS SECURITY CON- CERNS AND DISPROPORTIONATED TO THE NEED FOR FORCE,SINCE I HAD ALREADY BEEN INCAPACITATED BY THE TEAR GAS,AND RESTRAINED,THERE WAS NO NEED FOR FORCE BECAUSE I WAS COMPLYING WITH ALL DIRECT ORDER'S GIVEN TO ME THUS, THE [E.U.O.F] WAS AN ACT OF OBDURACY AND WANTN- NESS.

65. DEFENDANT TAYLOR,ACTED IN BAD-FAITH,AND WITH THE SOLE INTENTION OF INFLICTING HARM. HE ACTED MALICIOUSLY AND SADISTICALLY,FOR THE VERY PURPOSE OF CAUSING HARM.

66. I,WAS TREATED INHUMANELY BY BEEING PUNISHED THROUGH CORPORAL PUNISHMENT,GIVEN THE FACT THAT I HAD ALREADY BEEN INCAPACITATED,I WAS NOT RESISTING AND THE TOTAL SITUATION WAS WHOLLY STABLE AND UNDER THE OFFICERS COMPLETE CONTROL

67. DEFENDANT TAYLOR INFLECTED A GRATUITOUS BEATING- AGAINST ME AFTER I HAD ALREADY BEEN SULE DUE , RESTRAINED,AND INCAPACITATED.

68. DEFENDANT TAYLOR ACTS AND OMISSIONS ALONG WITH HIS USE OF EXCESSIVE FORCE WAS A VIOLA- TION OF MY RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND THE RIGHT TO BE FREE FROM THE UNNECESSARY,WANTON INFLICTION OF PAIN.

69. AS A RESULT OF TAYLORS EXCESSIVE [U.O.F] I SUSTAINED A CONCUSSION,STRAINED THUMB,LOWER BACK INJURY,NUMEROUS KNOTS AND BRUISES AS WELL AS A COUPLE OF BROKEN FRAGMENTS OF MY MOLAR TEETH.

## COUNT #2. DELIBERATE INDIFFERENCE

70. DEFENDANT TAYLOR REFUSED TO TEMPER THE SVERITY OF THE FORCE USED AGAINST ME BY FAILING TO ALLOW ME TO DECONTAMINATE MYSELF AFTER THEY HAD SPRAYED ME,INSTEAD HE FORCED ME INTO AN EMPTY CELL FULL OF GAS COMPLETELY NAKED.

71. DEFENDANT TAYLOR,WAS DELIBERATE INDIFFERENT TO MY HEALTH AND SAFETY BY FORCING ME TO BE HOUSED UNDER CONDITIONS THAT POSED AN UNREASONABLE RISK OF DAMAGE TO MY HEALTH THROUGH THE FORCEFUL PROLONGED EXPOSURE TO ENVIROMENTAL CHEMICAL AGENTS THROUGH THE CONFINEMENT IN A SMALL CELL FULL OF TEAR GAS,WICH CAUSED ME TO SUFFER THE INCREASED EFFECTS OF THE CHE- MICAL AGENTS.

72. DEFENDANT INTENTIONALLY REFUSED TO COMPLY WITH AGENCY POLICY AND PROCEDURES AND THE MAN- UFACTURES INSTRUCTIONS REGARDING VENTILATION AND DECONTAMINATION PROCEDURES IN ORDER TO INFLICT UNNECESSARY AND WANTON SUFFERING ON ME AS A MEANS OF PUNISHMENT.

DEFENDANT WAS DELIBERATE INDIFFERENT TO MY MEDICAL NEEDS BY INTENTIONALLY DENYING AND DELAY-
   ING ACCESS TO MEDICAL CARE BY REFUSING TO AFFORD ME ACCESS TO ANTI HISTAMINE OINTMENT
   TO DECONTAMINATE MYSELF OR THE OPPORTUNITY TO TAKE A  SHOWER TO WASH OFF THE CHEMICAL
   AGENTS OR TO PROVIDE ME WITH 1% SOLUTION OF SODIUM LUCARBIONATE ETHYLENE GLYCOL OR TO
   BE HOUSED IN A DECONTAMINATED AREA,ALL STANDARD PROCEDURES.

74. DEFENDANT TAYLOR DEPRIEVED ME OF MY RIGHT TO BE SECURED IN MY PERSON AND BODY INTEGRITY
   BY DEPRYIVING ME OF ADEQUATE SHELTER,CLOTHING AND ACCESS TO MEDICAL TREATMENT.

## COUNT #3 RETALIATION

75. DEFENDANT TAYLOR ASSAULTED ME WHILE RESTRAINED DUE TO MY EXERTION OF MY CONSTITUTIONALLY
   PROTECTED RIGHT TO PETITION THE GOVERMENTT FOR THE REDRESS OF GRIEVANCES DUE TO MY PRIOR
   COMPLAINTS AGAINST HIS SUPERVISOOR LT.BURTON.

## DEFENDANT #2. ARIAS

76. ON 1/4/09. AT THE ALLRED UNIT OFFICER ARIAS ASSAULTED ME BY SLAMMING ME AGAINST THE CON-
   CRETE FLOOR WHILE I WAS HANDCUFFED BEHIND MY BACK.

## COUNT #1 EXCESSIVE USE OF FORCE

77. ON THE DATE LISTED ABOVE I PUT A NON VIOLENT PROTEST BY TRYING TO SIT DOWN ON THE FLOOR
   AND REQUESTING TO SPEAK TO A SUPERVISOR BECAUSE ARIAS HAD THROWN MY EYEGLASSES CASE ON
   THE FLOOR,REFUSED TO GIVE IT BACK TO ME AND THREAFTER DECIDED HE WAS GOING TO DENY ME
   THE OPPORTUNITY TO RECREATE.

78. OFFICER ARIAS THEN TRIED TO LIFT ME UP BY LIFTING ME FROM BEHIND BY THE HANDCUFFS TO TRY
   TO DRAG ME INTO THE CELL.

79. WHEN I CONTINUED TO PEACEFULLY PROTEST HIS ACTIONS OFFICER ARIAS RECKLESSLY,AND MALICI-
   OUSLY SLAMMED ME AGAINST THE CONCRETE FLOOR..

## COUNT #2.RETALIATION

80. DEFENDANT ARIAS RETALIATED AGAINST ME BY ASSAULTING ME FOR EXERCISING MY CONSTITUTIONAL
   RIGHT TO PETITION THE GOVERMENT FOR THE REDRESS OF GRIEVANCE,I FILED DIFFRENT COMPLAI-
   NTS AGAINST LT.BURTON,AND OFFICER PETTERSON,ALL THESE OFFICER WORK TOGETHER IN THE SAME
   SHIFT UNDER,LT.BURTON DIRECT SUPERVISION WHEN I FILED THE COMPLAINT AGAINST OFFICER PET-
   TERSON,OFFICER ARIAS CAME TO THE CELL I WAS HOUSED IN DEMANDING THAT I GIVE HIM THE COM-
   PLAINT I WAS FILING. WHEN I DECLINED TO DO SO HE GOT MAD AT ME AND CALLED ME A **"SNITCH"**
   FOR FILING THE COMPLAINT AGAINST OFFICER PATTERSON ON 11/09/08.

81. ON 1/9/09 FIVE DAYS AFTER OFFICER ARIAS ASSAULTED ME,HE CAME TO THE CELL I WAS HOUSED
   IN AND THREATEN ME WITH FURTHER PHYSICAL HARM,STATING THEY WEREN'T DONE WITH ME AND
   FURTHER STATED THAT THE FIRST CHANCE THEY GET THEY WEREGOING TO BEAT MY ASS.

**defendant 3 DENNY**

## COUNT # 1 EXCESSIVE USE OF FORCE

82. ON 2/5/09, DEFENDANT DENNY (FORCIBLY) BODY SLAMMED ME AGAINST THE CONCRETE FLOOR, WHILE I WAS FULLY RESTRAINED HE ASSAULTED ME BY KNEEING ME OR STRICKING ME WHILE ON THE FLOOR, AS A RESULT I SUSTAINED A CONCUSSION, INJURIES TO MY LOWER BACK PUBIC BONE A SPRAINED THUMB, FRACTURED NOSE AND BROKEN FRAGMENTS TO MY MOLAR TEETH.

83. DEFENDANT DENNY ACTIONS WERE ARBITRARY EXCESSIVE UNNECESSARY AND EXECUTED MALICIOUSLY AND SADISTICALLY WITH THE SOLE INTENTION OF INFLICTING HARM.

84. DEFENDANT DENNY ACTED IN BAD FAITH WITH THE SOLE PUNITIVE INTENT OF INFLICTING CORPORAL PUNISHMENT, AS A RESULT OF HIS ACTIONS. THE NEXT DAY I WAS SENT TO THE E.R. TO A LOCAL HOSPITAL IN WICHITAL FALLS.

85. DEFENDANT DENNY GRATIUTIOUSLY APPLIED EXCESSIVE FORCE AGAINST ME AFTER I HAD ALREADY BEEN RESTRAINED AND INCAPACITATED.

86. DEFENDANT ACTIONS WERE EXECUTED WITHOUT PROVOCKATION OR PENOLOGICAL JUSTIFICATION SINCE I WAS NOT RESISTING NOR DID I POSE ANY TYPE OF THREAT TO ANY OF THE (U.O.F) TEAM MEMBERS.

87. I WAS TREATED INHUMANELY BY BEING PUNISHED THROUGH CORPORAL PUNISHMENT. DENNY'S ACTIONS WERE MOTIVATED BY MALICE AND WERE GROSSLY DISPROPORTIONATE TO THE NEED FOR FORCE SINCE I WAS NOT RESISTING I HAD BEEN SUBDUED AND INCAPACITATED, AND THE TOTAL SITUATION WAS WHOLLY STABLE AND UNDER THE OFFICERS COMPLETE CONTROL.

88. THE INJURIES I SUSTAINED WERE A DIRECT RESULT OF DEFENDANT DANNY'S ACTS AND OMISSIONS.

## COUNT #2, DELIBERATE INDIFERENCE.

89. DEFENDANT DENNY WAS DELIBERATE INDIFFRENT TO MY MEDICAL NEEDS BY DENYING ME THE OPPORTUNITY TO BE TAKEN TO THE MEDICAL DEPARTMENT TO RECEIVE TREATMENT FOR THE EXPOSURE TO CHEMICAL AGENTS AND FOR THE INJURIES I SUSTAINED, AS A RESULT OF THE EXCESSIVE USE OF FORCE OF 2/5/09. INSTEAD HE FORCE ME BACK INTO A CELL FULL OF CHEMICAL AGENTS.

90. DEFENDANT DENNY REFUSED TO PROVIDE ME WITH THE NECESSARY SUPPLIES TO CLEANSE MYSELF HE ALSO REFUSED TO PROVIDE ME AN UNDERWARE INSTEAD HE FORCED ME TO SLEEP NAKED IN AN EMPTY CELL FULL OF GAS.

91. HE WAS DELIBRARATE INDIFFRENT TO MY HEALTH AND SAFETY BY FORCING ME TO BE HOUSED UNDER CONDITIONS THAT POSED AN UNREASONABLE RISK OF DAMAGE TO MY HEALTH THROUGH THE FORCEFUL PROLONGED EXPOSURE TO ENVIROMENTAL CHEMICAL AGENTS THROUGH THE CONFINEMENT IN A CELL FULL OF TEAR GAS WICH CAUSED ME TO SUFFER THE INCREASED EFFECTS OF THE CHEMICAL AGENTS.

92. DEFENDANT INTENTIONALLY REFUSED TO COMPLY WITH AGENCY POLICY AND PROCEDURES AND THE MANUFACTURES INSTRUCTIONS REGARDING VENTILATION AND DECONTAMINATION PROCEDURES IN ORDER TO INFLICT UNNECESSARY AND WANTON SUFFERING ON ME AS A MEANS OF EXTRA JUDICIAL PUNISHMENT.

93. DEFENDANT WAS DELIBERATE INDIFFERENT TO MY MEDICAL NEEDS BY INTENTIONALLY DELAYING AND DENYING ME ACCESS TO MEDICAL CARE,BY DENYING ME THE OPPORTUNITY TO BE TAKEN TO  THE MEDICAL DEPARTMENT,BY HIS FAILURE TO PROVIDE ME WITH ANTIHISTAMINE OINTMENT, TO ALLOW ME TO DECONTAMINATE MYSELF,BY DENYING ME THE OPPORTUNITY TO TAKE A SHOWER TO TAMPER THE EFFECT OF CHEMICAL AGENTS USED ON ME,OR TO PROVIDE ME WITH 1% SOLUTION OL SODIUM BICARBIONATE ETHYLENE GLYCOL,AND BY REFUSING TO HOUSE ME IN A DECANTAMINATED AREA ALL STANDRD PROCEDURES.

94

## COUNT #3 RETALIATION

94. DEFENDANT DENNY RETALIATED AGAINST ME BY ASSAULTING ME WHILE FULLY RESTRAINED DUE TO THE EXERTION OF MY CONSTITUTIONAL RIGHT TO PETITION THE GOVERMENT FOR THE REDRESS OF GRIEVANCES BY FILING VARIOUS COMPLAINTS AGAINST OTHER OFFICERS AND SUPERVISORS THAT WORK WITH HIM,AND BY FORCING ME INTO A CELL FULL OF TEAR GAS AS A MEANS TO PUNISH ME.

## DEFENDANT #4  ALVARADO MIGUEL

## COUNT #1 BREACH OF DUTY

95. DEFENDANT ALVARADO BREACHED HIS DUTY TO PROTECT ME FROM THE EXCESSIVE USE OF FORCE BY THE MEMBERS OF THE U.O.F. TEAM.

96. THE DEFENDANT HAD A LEGAL OBLIGATION TO FOLLOW,WHILE DISCHARGING HIS OFFICIAL DUTIES HE WAS OR SHOULD HAVE BEEN AWARE OF THE FIRMLY ESTABLISHED DUTIES TO WICH HE IS LEGALLY BOUND,TO INCLUDEBUT NOT LIMITED TO THE DUTY TO INTERCEDE WHEN OTHERS ARE USING EXCESSIVE FORCE,THE DUTY TO ENSURE THAT LEGITIMATE INSTRUMENTS OF CONTROL ARE NEVER USED AS A MEANS OF PUNISHMENT.

## COUNT #2 NONFEASANCE

97. DEFENDANT ALVARADO WAS A MEMBER OF THE [U.O.F] TEAM ON 2/5/09.,HE WAS STANDING BY ME WHEN I WAS BODY SLAMMED. I DON'T    BELIEVE HE PHYSICALLY ASSAULTED ME,HOWEVER HE IS INCLUDED IN THIS COMPLAINT TO THE EXTENT THAT HE BREACHED HIS DUTY TO INTERCEDE TO PROTECT ME FROM THE OTHER OFFICERS BRUTALITY.

## DEFENDANT #5. SHULTS REBECCA

## COUNT #1 NONFEASANCE

98. DEFENDANT SHULTS WAS A MEMBER OF THE [U.O.F] TEAM ON 2/5/09. WHEN I WAS ASSAULTED. I DON'T BELIEVE SHE PHYSICALLY ASSAULTED ME,SHE IS INCLUDED IN THIS COMPLAINT DUE TO HER FAILURE TO PROTECT ME BY FAILING TO INTEREVENE,OR TO STOP THE ASSAULTING OFFICERS ACTIONS OF FORCING ME INTO AN EMPTY CELL FULL OF TEAR GAS.

## COUNT #2 BREACH OF DUTY

99. DEFENDANT SHULTS BREACHED HER DUTY TO PROTECT ME FROM THE [E.U.O.F] DEPLOYED BY, THE MEM-
BERS OF THE USED OF FORCE TEAM.

100. THE DEFENDANT HAD AN EXPLICIT LEGAL OBLIGATION TO FOLLOW IN THE DISCHARGING OF HER OFFI-
CIAL DUTIES. SHE WAS OR SHOULD HAVE BEEN AWARE OF THE FIRMLY ESTABLISHED DUTIES TO
WICH SHE IS LEGALLY BOUND, TO INCLUDE BUT NOT LIMITED TO THE DUTY TO PROTECT AND INTER-
CEDE WHEN OTHERS ARE USING EXCESSIVE FORCE AND THE DUTY TO ENSURE THAT LEGITIMATE INS-
TRUMENTS OF CONTROL ARE NOT USED AS MEANS OF PUNISHMENT.

## DEFENDANT #6. L'TLBURTON

## COUNT #1 EXECISSIVE USE OF FORCE

101. DEFENDANT BURTON, WAS IN DIRECT CHARGE OF THE U.O.F. TEAM SHE THUS ACTED IN CONCERT WITH
THE ASSAILIANTS BY FAILING TO STOP THE [E.U.O.F.] CARRIED OUT BY HER SUBORDINATES.

102. DEFENDANT KNEW OR SHOULD HAVE KNOWN THAT HER ACTIONS VIOLATED MY RIGHTS. SHE KNEW HER
CONDUCT WAS UNLAWFUL AND USED HER SUPERVISORY POSITION OF AUTHORITY TO MISTREAT AND
ABUSE ME.

103. HER ABUSE OF AUTHORITY CAUSED THE PERSONAL HARM AND INJURIES I SUSTAINED, WICH RESULTED
IN PHYSICAL PAIN AND SUFFERING DUE TO THE INTENTIONAL INFLICTION OF CORPORAL PUNISHMENT
AND BY SUBJECTING ME TO SPECIAL CONDITIONS OF CONFINEMENT WICH CAUSED ME TO SUFFER THE
INCREASED EFFECTS OF ENVIROMENTAL CONDITIONS, WICH RESULTED IN THE BURNING OF MY SKIN
FOR SEVERAL DAYS

105. DEFENDANT WRONGFULLY MISUSED DEPARTAMENTAL PROPERTY TO ACHIEVE THE INTENTIONAL INFLI-
CTION OF PAIN BY USING A CELL AS A CHEMICAL CHAMBER.

106. DEFENDANT REFUSED TO ALLOW ME ACCORDING TO AGENCY POLICY, TO EITHER WASH OFF OR OTHER-
WISE MITIGATE THE EFFECTS OF THE MACE, INSTEAD I WAS WONTONGLY SUBJECTED TO PROLONG PAIN
AND SUFFERING, DUE TO HER DIRECT ORDER TO HAVE ME HOUSED IN A CELL FULL OF GAS COM-
PLETELY NAKED, IN VIOLATION OF MY CONSTITUTIONAL RIGHTS TO ADEQUATE SHELTER AND MEDICAL
CARE, DEFENDANT BURTON THROUGH THESE ACTS OF NONFEASEASANCE VIOLATED MY CONSTITUTIONAL
RIGHTS.

## COUNT #2 DELIBERATE INDIFFRENCE

107. DEFENDANT BURTON, WAS DELIBERATE INDIFFERENT TO MY MEDICAL NEEDS BY INTENTIONALLY DENYING
AND DELAYING ACCESS TO MEDICAL TREATMENT AFTER THEY HAD DISCHARGED CHEMICAL AGENTS INTO
THE CELL I WAS HOUSED IN AND FORCED INTO AFTER THE SPRAYING.

108. DEFENDANT DENIED ME THE OPPORTUNITY TO BE TAKEN TO THE MEDICAL DEPARTMENT AFTER THE
OFFICERS UNDER HER SUPERVISION ASSAULTED ME WHILE FULLY RESTRAINED.

109. DEFENDANT REFUSED TO ISSUE ME ANY UNDERWEARE,SHEETS,CLOTHING SOAP,OR ANY TYPE OF NE-
     CESSITIES. SHE INTENTIONALLY REFUSED TO COMPLY WITH AGENCY POLICY,AND PROCEDURES AND
     REFUSED TO COMPLY WITH THE MANUFACTURES INSTRUCTIOONS,REGARDING VENTILATION AND DECON-
     TAMINATION, INSTEAD SHE GAVE THE DIRECT ORDER FOR ME TO BE PLACED NAKED IN THAT CELL
     FULL OF TEAR GAS IN ORDER TO PROLONGED MY SUFFERING THROUGH THE CONTINOUS  EXPOXURE TO
     THE CHEMICAL AGENTS RESIDUE.

110. DEFENDANT WAS DELIBERATE INDIFFRENT TO MY HEALTH AND SAFETY BY FORCING ME TO BE HOUSED
     UNDER CONDITIONS THAT POSED AN UNREASONABLE RISK OF DAMAGE TO MY HEALTH THROUGH THE
     PROLONGED EXPOSURED TO ENVIROMENTAL CHEMICAL AGENTS.

111. DEFENDANT REFUSED TO PROVIDE ME THE MEANS TO CLEANSE MYSELF OR TO AFFORD ME A MEANS TO
     DECONTAMINATE THE SURROUNDINGS OF THE CELL I WAS FORCED INTO.. I WAS DENIED THE OPPOR-
     TUNITY TO TAKE A SHOWER,TO WASH OFF THE EFFECTS OF THE GAS. SHE FAILED TO PROVIDE ME
     WITH 1% SOLUTION OF SODIUM BICARLIONATE ETHYLENE GLYCOL OR TO BE HOUSED IN A DECONTA-
     MINATED AREA,ALL STANDARD PROCEDURES WICH ARE ALWAYS FOLLOWED AS A MATTER OF COURSE.

112. DEFENDANT ACTED WITH DELIBERATE INDIFFRENCE TO MY SAFETY AND MEDICAL NEEDS BY FAILING
     TO ENFORCE SAFETY RULES AND 'BY DENYING ME TREATMENT AFTER THE SPRAYING INCIDENT.

113. DEFENDANT CREATED UNSAFE AND UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT BY INTENTIONALLY
     DEPRIVING ME OF HUMANE CONDITIONS OF CONFINEMENT.

## COUNT #3 BREACH OF DUTY

114. DEFENDANT BURTON BREACHED HER DUTIES IN THE FOLLOWING WAYS:

115. FAILURE TO ENFORCE RULES.

116. DEPRIVED ME OF ADEQUATE SHELTER,CLOTHING AND MEDICAL CARE.

117. FAILED TO STOP THE EXCESSIVE USE OF FORCE CARRIED OUT BY HER SUBORDINATES OR TO REMOVE
     THE ASSAULTING OFFICERS.

118. FAILED TO TAKE REASONABLE MEASURES TO GUARANTEE MY SAFETY.

119. FAILED TO ADHERE TO THE HIGHEST STANDARD OF PROFESSIONALISM,WHILE ON DUTY,INCLUDING
     ADHERENCE TO ETHICAL BEHAVIOR AND RESPECT FOR THE LAW.

120. FAILED TO PERFORM IN A MANER THAT MEETS OR EXCEEDS THE DUTIES ESTABLISHED FOR HER SUP-
     ERVISORY POSITION.

121. FAILED TO SUBMIT        THRBUTHFUL ACCURATE OFFICIAL RECORDS AS REQUIRED BY AGENCY
     STANDARDS.

122. FAILED TO ABIDE BY THE WRITTEN DIRECTIVES IN CONNECTION WITH HER RELATED DUTIES THAT
     IS IN THE BEST INTEREST OF SECURITY STAFF AND THE PRISON POPULATION.

123. FAILURE TO KNOW AND HAVE A CLEAR UNDERSTANDING OF AND COMPLY WITH RULES,REGULATIONS
     AGENCY POLICY,COURT ORDERS,AND STATUTORY AUTHORITY GOVERNING THE OPERATION OF THE
     AGENCY IN THE TREATMENT OF PRISONERS DURING AND AFTER A U.O.F.

124.   COMPLETE DISREGARD OF THE TX.BOARD OF CRIMINAL JUSTICE GUIDELINES.

125.   DEFENDANT BURTON ACTING UNDER THE AUTHORITY OF THE ZEAL OF THE STATE THROUGH HER EM-
PLOYMENT IN A FACILITY OPERATED BY T.D.C.J. WRONGFULLY DENIED ME,A PERSON IN CUSTODY
UNDER THEIR AUTHORITY,THE FREE EXCERCISE,AND ENJOYMENT OF MY CONSTITUTIONAL RIGHTS AND
FAILED TO INTERCEDE TO PROCECT ME FROM THE EXCESSIVE FORCE DEPLOYED BY THE OFFICERS UN-
DER HER SUPERVISION.

## COUNT #4 TERALIATION

127.   DEFENDANT BURTON,RETALIATED AGAINSTT ME BY ALLOWING HER SUBORDINATES TO ASSAULT ME,BY
FORCING ME TO BE HOUSED NAKED IN AN EMPTY CELL FULL OF GAS AND BY DENYING ME TREATMENT
FOR THE EXPOSURE AND INHALIATION OF TEAR GAS.

128.   DEFENDANTS RETALIATORY ACTS WERE DUE TO THE PREVIOUS COMPLAINTS I HAD FILED AGAINST HER
AND HER SUBORDINATES ON 11/9/08,11/24/08. AND 1/4/09.

129.   ON 11/9/08 LT.BURTON WAS PRESENT WHEN OFFICER PATTERSON WAS THREATING ME WITH PHYSICAL
HARM,SHE NEVERTHELESS FORCE ME TO BE ESCORTED BY THIS OFFICERS WHO ENDED UP ASSAULT-
ING ME BY POKING ME ON MY FACE AND BY SLAMMING ME AGAINST THE WALL. LT.BURTON REFUSED
TO DOCUMENT THE INCIDENT.

130.   ON 11/24/08. LT BURTON AND CPT.HARRIS FORCED ME INTO A CELL COMPLETELY NAKED,WHILE ANO-
THER INMATE WAS IN THAT SAME CELL FULLY DRESSED. LT.BURTON FURTHER STATED,WE ARE NOT
DONE WITH YOU,I WILL SEE THAT THEY BEAT THE EXPLICIT OUT OF YOU.

131.   ON 1/4/09,I WAS BODY-SLAMMED WHILE RESTRAINED BY  ONE OF THE OFFICERS UNDER LT.BURTON'S
SUPERVISION.

132.   ON 2/5/09,I WAS PHYSICALLY ASSAULTED BY THE MEMBERS OF THE USE OF FORCE TEAM UNDER LT.
BURTON'S SUPERVISION.

## COUNT #5 CONSPIRACY

133.   DEFENDANT BURTON CONSPIRED WITH THE [U.O.F] TEAM MEMEBRS TO DEPRIVED ME OF MY CONSTI-
TUTIONAL RIGHTS BY FALSIFYING OFFICIAL DOCUMENTS AS TO THE FACTS OF THE EVENTS OF 02/
05/09.,BY STATING THERE WERE NO INMATES WILLING TO MAKE STATEMENTS WHEN IN FACT THE
INAMATES WHO WITNESS THE ASSSAULT,REQUESTED TO BE PROVIDED WITH WITNESS STATEMENT FORMS
WHICH WERE DENIED BY LT.BURTON.

134.   DEFENDANT FAILED TO PHOTOGRAPH MY INJURIES,OR TO ALLOW ME TO GET MEDICAL TERATMENT.

135.   DEFENDANT CONSCIOUSLY CHOSE TO DISREGARD HER DUTIES AND ABUSE HER AUTHORITY OVER ME,
BY CONSPIRING WITH HER SUBORDINATES TO DEPRIVED ME OF THE EQUAL PROTECTIONS OF THE LAWS
THROUGH CORPORAL PUNISHMENT,AND THROUGH THE PROLONGED SUFFERING INFLICTED ON ME BY FOR-
CING ME TO BE HOUSED IN A CELL FULL OF CHEMICAL AGENTS;PURSUANT TO THEIR CONSPIRACY
THE DEFENDANTS WILLFULLY,INTENTIONALLY AND MALICIOUSLY USED A CELL AS A GAS CHAMBER.

136. DEFENDANT THROUGH FORCE ,VIOLENCE AND INTIMINATION,CONSPIRED TO COMMITT THE UNCONSTITU-
     TIONAL ACTS OF DEPRIVING ME OF THE EQUAL PROTECTIONS OF THE LAWS INCLUDING THE RIGHT
     TO FREEDOM OF SPEECH,THE RIGHT TO PETITION THE GOVERMENT FOR THE REDRESS OF GRIEVANCES
     THE RIGHT TO BE SECURED IN MY PERSON,AND TO BE FREE FROM THE UNNECESSARY INFLICTION OF
     CRUEL AND UNUSUAL PUNISHMENT.

137. DEFENDANTS PREVIOUS THREATS AND THE ASSAULT ⸬ ⸬ ⸬ ⸬ THEREAFTER,BY HER SUBORDINATES
     WERE ACTS DONE IN FURTHERANCE OF THEIR CONSPIRACY TO DENY ME THE EQUAL PROTECTION OF
     THE LAW.

## DEFENDANT #7,SGT.CAPPS

### COUNT #1 DELIBERATE INDIFFRENCE

138. ON 2/5/09 DEFENDANT CAPPS ACTING AS A SUPERVISING OFFICER FAILED TO INTERVENE OR  TO
     REMOVE THE OFFICERS WHO WERE USING EXCESSIVE FORCE AGAINST ME.

139. DEFENDANT CAPPS WAS DIRECTLY RESPONSIBLE FOR DENYING ME THE OPPORTUNITY TO BE TAKEN TO
     THE MEDICAL DEPARTMENT AFTER THE EXCESSIVE USE OF FORCE AGAINST ME.

140. DEFENDANT PERSONALLY ORDERED THE OFFICERS UNDER HIS SUPERVISION TO FORCE ME INTO AN
     EMPTY CELL FULL OF GAS TO PROLONG MY SUFFERING THROUGH THE CONTINOUS EXPOSURE TO THE
     CHEMICAL AGENTS RESIDUE.

141. HE WAS DELIBERATE INDIFRENT TO MY MEDICAL NEEDS,BY INTENTIONALLY DELAYING AND DENYING
     ME THE ACCESS TO THE MEDICAL TREATMENT THAT I NEEDED AFTER THEY HAD DISCHARGED THE CHE-
     MICAL AGENTS INTO THE CELL I WAS HOUSED IN.

142. HE REFUSED TO ISSUE ME AN UNDERWARE,SHEETS,CLOTHING OR ANY OTHER TYPE OF NECESSITIES
     OR CLEANING SUPPLIES.

143. HE WAS DELIBERATE INDIFFRENT TO MY HEALTH AND SAFETY BY FORCING ME TO BE HOUSED UNDER
     CONDITIONS THAT POSED AN UNREASONABLE RISK OF DAMAGE TO MY HEALTH THROUGH THE PROLONGED
     EXPOSURE TO ENVIROMENTAL CHEMICAL AGENTS,AND LACK OF MEDICAL EVALUATION.

144. DEFENDANT WAS DELIBERATE INDIFFRENT TO MY SAFETY AND MEDICAL NEEDS BY FAILING TO ENFORCE
     SAFETY RULES AND AGENCY PROCEDURES DURING AND AFTER THE USE OF FORCE.

### COUNT #2 EXCESSIVE USE OF FORCE

145. DEFENDANT CAPPS UNLAWFULLY ALLOWED HIS SUBORDINATES TO ASSAULT ME BY FAILING TO STOP
     THEM AND BY HIS FAILURE TO INTERVENE.

146. HE FAILED TO REMOVED THE OFFICERS WHO ASSAULTED ME.

147. HE ILLEGALLY USE DEPARTAMENTAL PROPERTY AND LEGITIMATE INSTRUMENTS OF CONTROL TO CARRY
     OUT THE INTENTIONAL INFLICTION OF CORPORAL PUNISHMENT BY USING A CELL AS A CHEMICAL
     CHAMBER.

148.DEFENDANT ABUSE OF POWER CAUSED ME PERSONAL HARM AND INJURY WHICH RESULTED IN PHYSICAL
     PAIN AND SUFFERING FROM THE INTENTIONAL INFLICTION OF CORPORAL PUNISHMENT AND BY THE BUR-
     NING OF MY SKIN FOR SEVERAL DAYS.

149. DEFENDANTS ACTIONS WERE EXECUTED MALICIOUSLY WITH AN ILL-WILL,TOWARDS MY SAFETY,HEALTH AND WELFARE.

150. HE KNEW,OR SHOULD HAVE KNOWN HIS ACTIONS VIOLATED MY RIGHTS,HE KNEW HIS CONDUCT WAS UN LAWFUL,BUT USED HIS POSITION OF AUTHORITY OVER ME TO ABUSE AND MISTREAT ME.

151. DEFENDANT REFUSED TO ALLOW ME TO WASH OFF OR OTHERWISE MITIGATE THE EFFECTS OF THE CHEMICAL AGENTS USED AGAINST ME IN ACCORDANCE WITH ESTABLISHED AGANCY MANDATES.

152. DEFENDANT WANTONGLY SUBJECTED ME TO PROLONGED PAIN AND SUFFERING THROUGH HIS DIRECT ORDER TO HAVE ME HOUSED IN AN EMPTY CELL FULL OF GAS. COMPLETELY NAKED AND BY DENYING ME ADEQUATE SHELTER AND MEDICAL CARE.

## COUNT #3 BREACH OF DUTY
DEFENDANT CAPPS BREACHED HIS OFFICIAL DUTIES BY:

153. FAILING TO ENFORCE EXISTING RULES IN THE TREATMENT OF PRISONERS DURING AND AFTER A USE OF FORCE.

154. DEPRIVING ME OF ADEQUATE CLOTHING,SHELTER AND MEDICAL CARE.

155. FAILING TO STOP THE EXCESSIVE USE OF FORCE OR TO REMOVE THE ASSAULTING OFFICERS

156. FAILURE TO TAKE REASONABLE MEASURES TO GUARANTEE MY SAFETY,AND FAILED TO ABIDE BY THE HIGHEST STANDARDS OF PROFESSIONALISM WHILE DISCHARGING HIS OFFICIAL DUTIES,INCLUDING ADHERENCE TO ESTABLISHE RULES OF CONDUCT.

157. FAILED TO PERFORM IN A MATTER THAT MEETS OR EXCEEDS THE DUTIES ESTABLISHED FOR A SUPER-VISING OFFICIAL.

158. FAILED TO SUBMIT THRUTHFUL ACCURATE OFFICIAL RECORDS AS REQUIRED BY AGENCY STANDARDS.

159. FAILED TO ABIDE WITH ESTABLISHED DIRECTIVES IN CONNECTION WITH HIS RELATED DUTIES WHICH ARE MANDATORY IN NATURE AND ARE IN THE BEST INTEREST OF THE INTEGRITY OF SECURITY PERSONNEL,AND THE GENERAL PRISON POPULATION.

160. FAILING TO KNOW AND HAVE A CLEAR UNDERSTTANDING OF AND COMPLY WITH RULES AND REGULAT-IONS OF AGENCY POLICIES,COURT ORDERS,AND STATUTORY AUTHORITY GOVERNING THE OPERATION OF THE AGENCY IN THE TREATMENT OF PRISONERS DURING AND AFTER A USE OF FORCE THROUGH THE RECKLESS DISREGARD OF THE TEXAS BOARD OF CRIMINAL JURISPRUDENCE GUIDELINES

161. DEFENDANT CAPPS ACTING UNDER THE AUTHORITY OF THE ZEAL OF THE STATE THROUGH HIS EMPLOY-MENT IN A FACILITY OPERATED BY T.D.C.J. WRONGFULLY,DENIED ME A PERSON IN CUSTODY UNDER THEIR AUTHORITY,THE FREE EXCERCISE AND ENJOYMENT OF MY CONSTITUTIONAL RIGHTS.

162. BREACHED HIS DUTY TO PROTECT ME FROM THE USE OF FORCE DEPLOYED BY THE OFFICERS UNDER HIS SUPERVISION.

## COUNT #4 RETALIATION
DEFENDANT CAPPS RETALIATED AGAINST ME BY:

163. ALLOWING HIS SUBORDINATES TO ASSAULT ME,

164. ORDERING THE OFFICERS UNDER HIS SUPERVISION TO FORCE ME INTO AN EMPTY CELL FULL OF GAS.

165. REFUSING TO OFFORD ME ACESS TO TREATMENT FOR THE EXPOSURE AND INHALATION OF TEAR GAS.

## COUNT #5.CONSPIRACY

165. DEFENDANT CAPPS,CONSPIRED WITH THE [U.O.F.] TEAM MEMBERS BY DEPRIVING ME OF MY CONSTI-TUTIONAL RIGHTS,BY DENYING ME ACCESS TO MEDICAL CARE,AFTER THE E.U.O.F OF 2/5/09.,BY CONCEALING THE FACTS OF THE INCIDENT THROUGH FALSE ENTRIES,AND BY FALSELY CLAIMING I HAD SUSTAINED NO INJURIES,BY REFUSING TO AFFORD ME THE MEANS TO DECONTAMINATE MYSELF.

166. HE REFUSED TO DOCUMENT MY INJURIES OR TAKE PHOTOGRAPHS WHICH IS "ALWAYS" DONE AS A MATTER OF COURSE.

167. CONSPIRING WITH THE U.O.F TEAM MEMBERS,TO DEPRIVE ME OF THE EQUAL PROTECTION OF THE LAWS-THROUGH THE INFLICTION OF CORPORAL PUNISHMENT AND THROUGH THE PROLONGED SUFFERING BY FORCING ME INTO A CELL FULL OF TEAR GAS. PURSUANT TO SAID CONSPIRACY HE WILLFULLY, AND MALICIOUSLY USED A CELL AS A GAS CHAMBER.

168. HE FALSIFIED OFFICIAL DOCUMENTS TO CONCEAL THESE FACTS.

169. DEFENDANT CAPP'S THROUGH FORCE,VIOLENCE,AND INTIMIDATION,CONSPIRED TO COMMITT THE UN-CONSTITUTIONAL ACTS OF DEPRIVING ME OF THE FREEDOM OF SPEECH,THE RIGHT TO PETITION THE GOVERMENT FOR THE REDRESS OF GRIEVANCES,THE RIGHT TO SECURE IN MY PERSON,AND TO BE FREE FROM THE UNNECESSARY INFLICTION OF CRUEL AND UNUSUAL PUNISHMENT.

## DEFENDANT #8 GONZALEZ:
### COUNT #1 CONSPIRACY

170.  DEFENDANT GONZALEZ,CONSPIRED WITH THE U.O.F. TEAM MEMBERS AND THE DISCIPLINARY CPT. BOYLE,BY FALSELY ACCUSING ME OF ASSAULTING HER BY THROWING WATER AT HER,AND BY STIPULATING TO THIS FRAUDULENT ACT.

171.  DEFENDANT WAS AWARE IT WAS ANOTHER INMATE (BILLINGSLY) WHO HAD THROWN THAT WATER AT HER,BECAUSE SHE WAS STANDING RIGHT IN FRONT OF HIM WHEN SHE WAS   DASHED SHE NEVERTHELESS AGREED TO FALSIFY THE DISCIPLINARY REPORT,WHICH WAS HER     ROLE IN THEIR CONSPIRACY TO DEPRIVED ME OF MY CONSTITUTIONAL RIGHTS.

### COUNT #2 BREACH OF DUTY

172.  DEFENDANT GONZALEZ FAILED TO REPORT EVIDENCE OF THE VIOLATION OF MY CIVIL RIGHTS BY THE U.O.F. TEAM MEMBERS IN THAT SHE WITNESS THE EVENTS BEFORE DURING AND AFTER THE USE OF FORCE INCIDENT OF 2/5/09.

173.  FAILED TO SUBMIT A TRUTHFUL ACCURATE OFFICIAL RECORDS AS REQUIRED BY AGENCY STANDARDS DEFENDANT GONZALEZ BREACHED HER DUTY TO PROTECT ME BY FAILING TO MOVE THROUGH THE PROPER CHAIN OF COMMAND. CHANELS TO INSURE I RECEIVED PROPER TREATMENT AND MEDICAL ATTENTION AFTER THE USE OF FORCE,THAT WAS INITIATED BECAUSE OF HER REPORT TO HER SUPERVISORS.

### COUNT #3 RETALIATION

174.  DEFENDANT GONZALEZ COLLABORATED WITH THE PERPETRATORS OF THE ASSAULT THAT OCCURED DURING THE EXCESSIVE USE OF FORCE OF 2/5/09.

175.  SHE INTENTIONALLY FABRICATED A FALSE DISCIPLINARY CASE AGAINST ME ALLEGING I HAD ASSAULTED HER BY THROWING WATER AT HER.

176.  SHE RETALIATED AGAINST ME THROUGH HER ACTS AND OMISSIONS SURROUNDING THE EVENTS THAT TOOK PLACE BEFORE,DURING AND AFTER THE U.O.F OF 2/5/09.

## DEFENDANT #9 NURSE FOX
### COUNT #1 BREACH OF DUTY

177.  DEFENDANT FOX,HAS REPEADETLY BREACHED HER DUTY AS A PROFESSIONAL HEALTH CARE PROVIDER BY COLLABORATING WITH SECURITY PERSONNEL DURING DIFFRENT EXCESSIVE USE OF FORCE INCIDENTS IN WHICH INMATES HAVE BEEN BODY-SLAMMED WHILE RESTRAINED.

178.  ON 1/4/09 AFTER A [U.O.F] BY OFFICER ARIAS NURSE FOX REFUSED TO ALLOW ME THE OPPORTUNITY TO BE TAKEN TO THE MEDICAL DEPARTMENT TO EVALUATE AND DOCUMENT MY INJURIES.

179.  ON 2/5/09 DURING THE EXCESSIVE USE OF FORCE BY SOME OF THESE SAME OFFICERS WITH WHOM NURSE FOX,HAD PREVIOUSLY COLLABORATED WITH,SHE AGAIN SPOKE TO THE OFFICERS WHO HAD ASSAULTED ME STATING INTO THE CAMERA "AT THIS TIME THE OFFENDER HAS NO INJURIES" SHE NEVER ADDRESS ME PERSONALLY NOR DID SHE ASK ME IF I NEEDED MEDICAL ATTENTION OR IF I HAD SUSTAINED ANY INJURIES.

180. DEFENDANT FOX FAILED TO TAKE OVER AS MEDICAL PROVIDER AFTER I HAD BEEN ASSAULTED,GASED AND INCAPASITATED,INSTEAD SHE ALLOWED SECURITY STAFF TO FORCE ME INTO AN EMPTY CELL, FULL OF GAS,COMPLETELY NAKED.

## COUNT #2 CONSPIRARY

181. DEFENDANT FOX CONSPIRED WITH SECURITY STAFF BY REFUSING TO DOCUMENT MY INJURIES STATING INTO THE CAMERA I HAD SUSTAINED NO INJURIES,AND BY FAILING TO FOLLOW MEDICAL PROTOCAL IN THE TREATMENT OF PRISONERS AFTER A USE OF FORCE.

182. SHE CONSPIRED WITH THE [U.O.F] TEAM MEMBERS BY DENYING ME ACCESS TO MEDICAL CARE AFTER THE U.O.F. INCIDENT OF 1/4/09 AND 2/5/09,BY ATTEMPTING TO CONCEAL THE FACTS OF THESE INCIDENT BY FALSELY STIPULATING I HAD SUSTAINED NO INJURIES.

## COUNT #3 DELIBERATE INDIFFRENCE

183. DEFENDANT FOX WAS DELIBERATE INDIFFRENT TO MY MEDICAL NEEDS HEALTH AND WELFARE BY COL- LABORATING WITH THESE OFFICERS TO DENY ME THE MEDICAL ATTENTION I NEEDED WITH THE INTENT TO CONCEAL THE INJURIES I SUSTAINED,AND BY HER FAILURE TO EVALUATE MY INJURIES STATING I HAD SUSTAINED NO INJURIES YET WHEN THE NEXT SHIFT CAME TO WORK AND I WAS TAKEN TO SEE THE UNIT DOCTOR HE ACKNOWLEDGE THE NEED FOR AN EVALUATION BY HEALTH CARE PROVIDER AT THE [E.R.] AT A LOCAL HOSPITAL SHE WAS DELIBERATELY INDIFFRENT BY ALLOWING SECURITY PERSONNEL TO FORCE ME INTO A CELL FULL OF GAS,INSTEAD OF TAKING OVER THE SITUATION AS AN INDIPENDENT MEDICAL PROVIDER TO ENSURE I RECEIVED THE MEDICAL ATTENTION I NEEDED AND THAT I BE TREATED HUMANELY.

## DEFENDANT # 10 CPT BOYLE

## COUNT #1 CONSPIRACY

184. CPT.BOYLE,CONSPIRED WITH THE USE OF FORCE TEAM MEMBERS,BY DECLARING ME GUILTY OF A FALSE DISCIPLINARY CHARGE IN AN ATTEMPT TO ESICTING THE PERPETRATOR,WHO THROUGH HIS ACT OF SCIENTER FALSELY ACCUSED ME OF "ATTEMPT OF ASSAULT."

185. CPT BOYLE IN FURTHERANCE OF SAID CONSPIRACY CONFISCATED THE WITNESS STATEMENTS I HAD PROCURED,DUE TO THE FACT THAT THE SUPERVISING OFFICERS WHO RAN THE [U.O.F] TEAM ON 2- 5-09 LIED ABOUT THE FACTS OF THE INCIDENT STATING THERE WERE NO INMATES WILLING TO MAKE STATEMENTS DURING THE DISCIPLINARY HEARING I REQUESTED TO READ THESE STATEMENTS INTO THE RECORD AND I SPECIFICALLY INFORMED CPT BOYLE I INTENDED TO USE THESE STATEMENTS IN FEDERAL COURT HE NEVERTHELESS CONFISCATED THESE WITNESS STATEMENTS FROM ME MADE THEM] PART OF THE DISCIPLINARY RECORD; HE REFUSED TO GIVE THEM BACK TO ME OR IN ALTERNATIVE PROVIDE ME ACCESS TO A COPY OF THESE STATEMENTS,IN AN ATTEMPT TO CIRCUMSCRIBE MY ABILITY TO PRESENT EVIDENCE CONTRADICTING THEIR ASSERTIONS WHICH ARE IN CONFLICT WITH THE FACTS SURROUNDING THE EVENTS OF 2-5-09.

187. CPT BOYLE,DENIED ME THE OPPORTUNITY TO PRESENT INMATE BILLINGSLY AS MY WITNESS,HE WAS THE INMATE HOUSED WITH ME WHO HAD DASHED OFFICER GONZALES PRIOR TO THE USE OF FORCE OF 2/5/09.

187. THIS INMATE WAS WILLING TO TESTIFY TO THE FACT, THAT, HE HAD BEEN THE ONE WHO THROW THAT WATER AT OFFICER GONZALEZ, WHICH WAS THE REASON I WAS RETALIATED AGAINST AND ULTIMATELY SENT TO SEGRAGATION.

## COUNT #2 RETALIATION

188. CPT BOYLE, RETALIATED AGAINST ME BY CONFISCATING THE WITNESS STATEMENT I HAD PROCURED INSPITE OF HIS OWN CONCLUSION THAT NONE OF THESE STATEMENTS DEALT WITH THE DISCIPLINARY CHARGE HE WAS PRESIDING OVER.

189. HE DENIED ME THE OPPORTUNITY TO QUESTION THE CHARGING OFFICER, REGARDING THE FALSE ACCUSSATION THAT I HAD THROWN THAT WATER AT HER, FOR WHICH I WAS ULTIMATELY SENT TO SEG-GRAGATION.

190. CPT BOYLE, RETALIATED AGAINST ME BY DECLARING ME GUILTY OF FALSE DISCIPLINARY CHARGES WITHOUT AFFORDING ME 'DUE PROCESS' TO CALL MY WITNESS OR QUESTION THE CHARGING OFFICER AND BY USING THIS CONVICTION TO SEND ME TO ADMINISTRATIVE SEGRAGATION.

## DEFENDANT #1 CPT HARRIS

## COUNT #1 RETALIATION

191. CPT.HARRIS RETALIATED AGAINST ME BY DENYING ME 'DUE PROCESS' WHEN HE PRESIDED OVER THE DISCIPLINARY HEARING IN WHICH HE COLLABORATED WITH THE OFFICER WHO HAD ASSAULTED ME DURING THE U.O.F. OF 2/5/09.

192. ON 2/10/09.CPT.HARRIS WAS THE OFFICIAL WHO INVESTIGATED THE EVENTS OF 2/5/09 THE NEXT DAY 2/11/09 CPT HARRIS PRESIDED OVER THE HEARING CONCERNING THE EVENTS HE WAS ASSIGNED TO INVESTIGATE. EVINCING HIS CONFLICT OF INTEREST AND LACK OF IMPARTIALITY HIS DETERMI-NATION TO DECLARE ME GUILTY OF THIS FABRICATED "ATTEMPT OF ASSAULT" ON OFFICER DENNY WAS BASED SOLELY ON OFFICER DENNY'S FALSE TESTIMONY.

193. DEFENDANTS BIAS, PREJUDICE AND UNETHICAL ACTIONS WERE AN ACT OF RETALIATION DUE TO HIS DELIBERATE ACT TO IGNORE MY REQUEST TO HAVE MY INJURIES PHOTOGRAPHED, AND HIS REFUSEL TO ALLOW ME TO QUESTION THE CHARGING OFFICER AS TO WHY HE HAD SLAMMED ME AND TRIED TO BREAK MY THUMBS.

## COUNT #2 CONSPIRACY

194. CPT.HARRIS CONSPIRED WITH THE U.O.F TEAM MEMBER WHO ASSAULTED ME BY NOT REMOVING HIMSELF AS THE FACT FINDER OF THE CASE, HE HAD PREVIOUSLY INVESTIGATED CONCERNING THE HEARING HE PRESIDED OVER.

197.   CPT.HARRIS CONSPIRED WITH THE U.O.F TEAM MEMBERS BY DENYING ME THE OPPORTUNITY TO
QUESTION THE OFFICER WHO HAD ASSAULTED ME BY CONCLUDING HE WAS GOING TO DISALLOW MY
QUESTIONS TO OFFICER DENNY CONCERNING WHY HE HAD SLAMMED ME AND TRIED TO BREAK MY THUMB
BY BENDING THEM BACKWARDS REPEATEDLY,CPT HARRIS THEN           TURNED THE RECORDER OFF
WHEN I WAS INSISTING ON QUESTIONING THIS OFFICER,BY THE TIME THE TAPE RECORDER WAS RE-
STARTED HE WAS DECLARING ME GUILTY OF ATTEMPT OF ASSAULT ON THE ASSAILIANT,WHICH RE-
SULTED  IN MY SUBSEQUENT PLACEMENT IN ADMINISTRATIVE SEGRAGATION.

## DEFENDANT # 12.TOMMY NORWOOD
## COUNT #1 DELIBERATE INDIFFRENCE

198.   DEFENDANT NORWOOD IS A SENIOR ADMINISTRATIVE OFFICIAL WHO SIGNED OFF ON THE   DIFFRENT
GRIEVANCES I FILED CONCERNING THE THREAT OF PHYSICAL VIOLENCE AND UNREPORTED INCIDENTS
OF USE OF FORCE.

199.   HE HAD DIRECT KNOWLEDGE OF THE NUMEROUS COMPLAINTS REGARDING THE PERSISTENT ACTIONS
AND THREATS BY LT.BURTON AND THE OFFICERS UNDER HER SUPERVISION.

200.   HE WAS NOTIFIED REGARDING THE PRIOR ASSAULTS BY OFFICERS UNDER LT.BURTONS DIRECT SUPER-
VISION YET HE FAILED TO TAKE ANY AFFIRMATIVE ACTION TOCORRECT THIS BEHAVIOUR,INSTEAD
HE FOUND THERE TO BE "NO EVIDENCE TO SUBSTANTIATE MY CLAIMS AGAINST STAFF MISCONDUCT"
DEFENDANTS GENERAL RESPONSE TO MY COMPLAINTS SHOW A PATTERN AND PRACTICE OF HIS DELI-
BERATE INDIFFRENCE IN SUPERVISIONG THE LOWER ECHELON OVER WHOM HE HAD CONTROL,AND THE
GROSS DEFICIENCIES IN THE PROCEDURES USE BY THE INVESTIGATING AUTHORITIES OVER  THE
PRISON GRIEVANCE MECHANISM,THESE COMPLAINTS WHICH ARE SIGNED OFF,BY THESE WARDENS,ALWAYS
FIND INMATES GUILTY AND GIVE THE SAME GENERAL RESPONSE,THAT"THERE IS NO EVIDENCE TO
SUBSTANTIATE OUR CLAIMS OF STAFF MISCONDUCT"

201.   DEFENDANT EXHIBITED A DELIBERATE INDIFFRENCE TOWARDS THE VIOLATION OF MY CIVIL RIGHTS
THROUGH HIS RECKLESS DISREGARD,BASED ON THE DIFICIENCIES IN INVESTIGATORY PROCEDURES
WHICH PROXIMATELY CAUSED THE SERIOUS INJURIES I SUSTAINED. HIS ACTIONS OR LACK THEREOF
WERE A DIRECT CONTRIBUTION TO THIS WIDE SPREAD PRACTICE AND CUSTOM,OF TOLERATING OFFI-
CERS BEHAVIOUR OF ASSAULTING RESTRAINED INMATES AND THEREAFTER CHARGING INMATES WITH
FALSE DISCIPLINARY CASES OF ASSAULT OR "ATTEMP OF ASSAULT" ON AN OFFICER.

202.   DEFENDANT WAS DELIBERATE INDIFFRENT BY FAILING TO SUPERVISE HIS SUBORDINATES AND BY
HIS FAILURE TO CORRECT THEIR ABUSIVE BEHAVIOUR,HIS INDIFFRENCE TO THE KNOW RISK OF THE
REPORTED THREATS OF PHYSICAL HARM,ULTIMATELY LED,TO THE CONSTITUTIONAL VIOLATION ALLEGED
IN THIS COMPLAINT,HE KNEW I FECED SUBSTANTIAL RISK OF SERIOUS HARM AND DISREGARDED THAT
RISK BY FAILING TO TAKE REASONABLE STEPS TO ABEIT IT.

## DEFENDANT # 13 SENIOR WARDEN WILLIAMS
### COUNT #1 DELIBERATE INDIFFRENCE

203.. "UPON INFORMATION AND BELIEF," I WAS INFORMED THAT OFFICER TAYLOR, A MEMBER OF THE [U.O.F] TEAM ON 2/5/09, HAD PREVIOUSLY LOST HIS SUPERVISORY POSITION DUE TO AN INCIDENT IN WHICH HE HAD ASSAULTED ANOTHER INMATE. NOTWITHSTANDING TAYLOR'S PROPENSITY OF ASSAULTING OTHER INMATES, WARDEN WILLIAMS FAILED TO TERMINATE HIS EMPLOYMENT.

204. DEFENDANT WAS DELIBERATE INDIFFRENT TO MY SAFETY THROUGH HIS DECISION TO RETAIN THIS OFFICER EMPLOYED, GIVEN TAYLOR PROPENSITY OF VIOLENCE TOWARDS INMATES AND HIS PRIOR ABUSE OF AUTHORITY, HIS DECION OF RETAINING HIM EMPLOYED, LEFT THIS OFFICER IN A POSITION IN WHICH HE WAS ABLE TO PERPETRATE FURTHER ACTS OF VIOLENCE.

205. HE HAD ACTUAL KNOWLEDGE THAT HIS DECISION TO RETAIN THIS OFFICER CREATED A SUBSTANTEIAL RISK OF HARM TOWARDS INMATES. DEFENDANT ENTRUSTED THIS OFFICER WITH THE AUTHORITY OVER PRISONERS DESPITE HIS KNOWLEDGE OF THIS OFFICERS PAST ASSAULTS ON OTHER INMATES. HIS DECISION TO RETAIN OFFICER TAYLOR EMPLOYED PROXIMATELY CAUSED MY SUBSEQUENT INJURIES AND DEPRIVATIONS.

206. DEFENDANT WILLIAMS WAS DELIBERATE INDIFFRENT TOWARDS MY HEALTH AND SAFETY THROUGH HIS FAILURE TO PROPERLY TRAIN AND SUPERVISE LT.BURTON, SGT.CAPPS AND THE U.O.F. TEAM MEMBERS. HE WAITED UNTIL THESE OFFICERS SENT ME TO THE EMERGENCY ROOM TO A LOCAL HOSPITAL TO FIND EVIDENCE TO SUPPORT MY CLAIMS OF STAFF MISCONDUCT AND TO CORRECT THEIR ABUSIVE BEHAVIOURS.

207. "UPON INFORMATION AND BELIEF" I WAS INFORMED THEY HAD TERMINATED OFFICER TAYLOR'S EMPLOYMENT DUE TO HIS ACTIONS DURING THE ASSAULT, I WAS ALSO ADVISED THAT LT.BURTON HAD BEEN STRIPPED OF HER SUPERVISORY POSITION DUE TO HER ROLE DURING THE EXCESSIVE USE OF FORCE OF 2/5/09.

208. DEFENDANT WILLIAMS DELIBERATE INDIFFRENCE IN HIS FAILURE TO TRAIN LT.BURTON CONTRI-BUTED TO THE SUBSEQUENT VIOLATION OF MY CIVIL RIGHTS.

209. DEFENDANTS ACTIONS OF TERMINATING OFFICER TAYLORS EMPLOYMENT AND STRIPPING LT.BURTON OF HER SUPERVISORY DUTIES IN ITSELF ACKNOWLEDGE, THE DEFENDANTS ILLEGAL ACTS AND THEIR ABUSE OF AUTHORITY OF WHICH I HAD PREVIOUSLY COMPLAINED. XX IT PURPORTS, THE FACT THAT THESE SENIOR ADMINISTRATIVE OFFICIALS WERE DELIBERATE INDIFFRENT TO MY HEALTH AND SAFETY THROUGH THEIR FAILURE TO TRAIN AND SUPERVISE LT.BURTON AND THE [U.O.F] TEAM MEMBERS.

201. A SIMPLE REVIEW OF THE ACTS AND OMMISSIONS BY LT.BURTON, SGT.CAPPS, AND THE [U.O.F] TEAM MEMBERS DURING AND AFTER THE EVENTS OF 2/5/09 CLEARLY DEMOSTRATE THE FAILURE OF DEFEN-DANT WILLIAMS TO TRAIN AND SUPERVISE LT.BURTON BEFORE PLACING HER IN A POSITION OF AUTHORITY OVER SECURITY PERSONNEL, WHICH ULTIMATELY LED TO THE VIOLATION OF MY CIVIL RIGHTS; ALLEGED THROUGHOUT THIS COMPLAINT.

211. THE PLAINTIFF HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRES THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS UNLESS THIS COURT GRANT THE DECLARATORY AND INJUNCTIVE

RELIEF WHICH PLAINTIFF SEEKS.

212. EACH DEFENDANT IS BEING SUED JOINTLY AND SEVERELY IN THEIR INDIVIDUAL CAPACITY AT ALL
TIMES ~~MENTIONED~~ MENTIONED IN THIS COMPLAINT, EACH DEFENDANT ACTED
UNDER COLOR OF STATE LAW.

### VI RELIEF: PLAINTIFF PRAYS THIS HONORABLE COURT GRANTS THE FOLLOWING
### (A) ISSUE A DECLARATORY JUDGEMENT STATING THAT:

(1) THE PHYSICAL ASSAULT BY THE MEMBERS OF THE USE OF FORCE TEAM AND THEIR ACTIONS OF
DENYING ME ACCESS TO MEDICAL TREATMENT AFTER THE USE OF FORCE, AND FORCING ME BACK INTO
A CELL FULL OF CHEMICAL AGENTS WAS A VIOLATION OF MY CONSTITUTIONAL RIGHTS AND CONSTI-
TUTES THE TORT OF ASSAULT AND BATTERY UNDER TEXAS LAW.

(2.) DEFENDANT ARIAS RETALIATED AGAINST ME BY ASSAULTING ME ON 1/4/09 DUE TO THE PREIVIOUS
EXERTION OF MY CONSTITUTIONALLY PROTECTED RIGHT TO PETITION THE GOVERMENT FOR THE REDRESS
OF GRIEVANCES.

(3.) CPT.BOYLE CONSPIRED WITH OFFICER GONZALEZ TO DENY ME THE EQUAL PROTECTION OF THE LAW.
HIS REFUSAL TO ALLOW ME TO QUESTION THE CHARGING OFFICER OR TO PRESENT MY WITNESS
CONSTITUTES THE DENIAL OF A NEUTRAL FACT FINDER AND OF THE OPPORTUNITY TO HAVE A FULL
AND FAIR HEARING ON MY DEFENSE THROUGH THE MISAPPLICATION OF PROCEDURES WHICH DEPRIVED
ME OF DUE PROCESS.

(4) CPT.HARRIS BY CONDUCTING THE INVESTIGATION OF THE EVENTS OF 2/5/09 AND THEREAFTER PRE-
SIDING OVER THE HEARING CONCERNING THE EVENTS WHICH HE HAD PREVIOUSLY INVESTIGATED WASA
DENIAL OF AN IMPARTIAL NEUTRAL FACT FINDER, AND HIS REFUSAL TO ALLOW ME TO QUESTION THE
CHARGING OFFICER DENIED ME THE OPPORTUNITY TO HAVE A FULL AND FAIR HEARING ON MY DEFENSE
THROUGH THESE MISAPPLICATION OF PROCEDURES WHICH DEPRIEVED ME OF DUE PROCESS.

(5) DEFENDANTS DENNY AND GONZALEZ ACTS OF SCIENTER IN ISSUING THE FALSE DISCIPLINARY CHARGES
CONSTITUTE THE ACT OF RETALIATION.

(6) DEFENDANT ALVARADO AND SHULTS AS MEMBERS OF THE [U.O.F] TEAM BREACHED THEIR DUTY BY
FAILING TO PROTECT ME THROUGH THEIR FAILURE TO INTEREVENE

(7) DEFENDANT WILLIAMS AND NORWOOD FAILURE TO TRAIN AND SUPERVISE LT.BURTON,SGT.CAPPS AND
THE [U.O.F] TEAM MEMBER,IN THE PROCEDURES TO FOLLOW DURING AND AFTER A MAJOR USE OF
FORCE CONSTITUTES THE ACT OF DELIBERATE INDIFFRENCE AND WILLIAMS DECISION TO RETAIN
OFFICER TAYLOR EMPLOYED PROXIMATELY CAUSED MY SUBSEQUENT INJURIES.

(8) GRANT PLAINTIFF THE LEGAL COST IN THIS SUIT.

(9) GRANT PLAINTIFF COSMETIC SURGERY TO REMEDY THE DAMAGE CAUSED TO MY NOSE.

(B)

23

(1) GRANT A PRELIMINARY AND PERMANENT INJUNCTION, ORDERING DEFENDANT SENIOR WARDEN WILLIAMS OR THE DIRECTOR OF TDCJ-CID TO PREVENT THE DESTRUCTION OF THE BISCIPLINARY HEARING TAPE RECORDING OF CASE # 20090149601 AND #:20090147787 WHICH ARE THE RECORDINGS OF THE HEARINGS USED TO SEGRAGATE ME AND WHICH THE THE WITNESS STATEMENTS WHICH WERE TAKEN FROM ME ARE FOUND, WHICH ARE A KEY PIECE OF EVIDENCE TO THIS COMPAINT AND WHICH THE ADMINISTRATION REFUSES TO GIVE ME ACCESS TO.

(2) ORDER THROUGH AN INJUNCTION THE PREVENTION OF THE DESTRUCTION OF THE MAJOR USE OF FORCE VIDEO RECORDING OF 2/5/09. WHICH SHALL SHOW MY CLAIMS THAT AT NO POINT WAS I A THREAT TO ANY OF THE OFFICERS INVOLVED IN THIS ASSAULT. THE FACT THAT I WAS ASSAULTED, DISPLAYED NAKED ON THE HALLWAY AND FORCED BACK INTO THAT CELL FULL OF TEAR GAS.

(C)

(1) AWARD COMPESATORY DAMAGES FOR THE PHYSICAL INJURIES, PAIN, SUFFERING, PERSONAL HUMILIATION MENTAL ANGUISH AND EMOTIONAL DISTRESS, SUFFERED DUE TO THEIR ABUSIVE ACTS.

(2) AWARD PINITIVE DAMAGES AGAINST ALL DEFENDANTS NAMED IN THIS COMPLAINT.

(3) JOINTLY AND SEVERELY AGAINST DEFENDANT'S TAYLOR, DENNEY, BURTON AND CAPPS, FOR THE PHYSICAL ASSAULT AND EMOTIONAL ABUSE SUFFERED AS A RESULT OF SAID ASSAULT AND THEIR SUBSEQUENT ACTIONS AFTER THE [U.O.F] OF 2/5/09.

(4) JOINTLY AND SEVERELY AGAINST DEFENDANTS ALVARADO AND SHULTS FOR THEIR BREACH OF DUTY IN THEIR FAILURE TO PRORECT AND INTEREVENE.

(5) AGAINST DEFENDANTS GONZALEZ AND DENNY FOR THIER CONSPIRACY TO RETALIATE AGAINST ME THROGH THEIR ACT OF SCIENTER. IN THE ISSUANCE OF FALSE DISCIPLINARY CHARGES.

(6) AGAINST DEFENDANT FOX DUE TO HER DELIBERATE INDIFFRENCE TO MY HEALTH AND HER BREACH OF DUTY AS INDIPENDANT MEDICAL PROVIDER. DUE TO HER ACTS IN CONSPIRING WITH THE OFFICERS WHO ASSAULTED ME ON 1/4/09 AND 2/5/09 BY CLAIMING I HAD SUSTAIN NO INJURIES IN AN ATTEMPT TO CONCEAL THE FACTS AND INJURIES I SUSTAINED.

(7) JOINTLY AND SEVERELY AGAINST DEFENDANTS BOYLE AND HARRIS DUE TO THEIR CONSPIRACY TO DEPRIVE ME OF MY CONSTITUTIONAL RIGHTS BY RETALIATING AGAINST ME THROUGH OFFICER DENNY AND GON-ZALEZ ACTS OF SCIENTER AND THEIR ABUSE OF PROCEDURES IN AFFIRMING THESE FABRICATED DISCI-PLINARY CHARGE AND USING THESE CONVICTIONS TO PLACE ME IN PUNITIVE SEGRAGATION.

(8) JOINTLY AND SEVERELY AGAINST DEFENDANTS WILLIAMS AND NORWOOD DUE TO THEIR DELIBERATE IN-DIFFRENCE TO MY HEALTH, AND SAFETY IN THEIR FAILURE TO TRAIN AND, SUPERVISE THEIR SUBORDINATES.

(D)

(1) GRANT ANY SUCH OTHER RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS ENTITTLED TO.