IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ENRIQUE CARDONA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:14-cv-042-O |
| | § | |
| ORLANDO TAYLOR, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court is Plaintiff's Motion Requesting Appointment of Counsel. ECF No. 90. Upon review of the motion and of the record in this case, the Court finds and orders as follows:

There is no automatic right to the appointment of counsel in a civil action filed by a litigant proceeding *pro se*. *E.g.*, *Hulsey v. State of Tex.*, 929 F.2d 168, 172 (5th Cir. 1991); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). However, where a case presents exceptional circumstances, counsel may be appointed. *Id.* In determining whether exceptional circumstances exist and whether the court in its discretion should appoint counsel in such a case, the following factors are relevant:

(1)   the type and complexity of the case;

(2)   whether the plaintiff is capable of adequately representing himself;

(3)   the plaintiff's ability to adequately investigate and present his case;

(4)   the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and,

(5)   the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination.

*Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d at 213.

Review of Plaintiff's amended complaint reveals that he has adequately presented the operative facts underlying his claims for relief. His issues are understandable and his command of the English language appears to be average. The motions filed by Plaintiff reflect an average understanding of Court procedures. Thus, Plaintiff seems capable of adequately representing himself in this litigation. Moreover, there are no complex issues of fact or law that would require the skill of an attorney to litigate. At this time, it does not appear likely that appointment of counsel will shorten the litigation process nor will it assist in a just resolution of the complaint.

Although Plaintiff has a difficult burden to meet, all *pro se* litigants who bring civil rights actions face a similar challenge. Plaintiff has failed to establish exceptional circumstances which would warrant appointment of counsel.

For the foregoing reasons, Plaintiff's Motion Requesting Appointment of Counsel. (ECF No. 90) is **DENIED**.

**SO ORDERED** this **23rd day** of **September, 2021**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE