

Enrique Cardona 1307907
Dallas Transitional Center
1554 E Langdon Rd
Dallas, TX 75241

------------------------------------------------------------

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ENRIQUE CARDONA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:14-cv-042-O |
| ORLANDO TAYLOR, et al., | § § § | |
| Defendants. | § | |

## ORDER

Plaintiff Enrique Cardona, acting *pro se*, filed a civil complaint to initiate this action while he was incarcerated in the Coffield Unit of the Texas Department of Criminal Justice ("TDCJ") in Tennessee Colony, Texas. Complaint, ECF No. 4 at 3. Upon review of the case, Court discovered that TDCJ inmate search records now reveal that he is no longer in TDCJ custody. *See* Enrique Cardona: Texas Department of Criminal Justice Inmate Search (last visited March 3, 2023).

The instructions contained in the form civil rights complaint filed by Cardona informed him of his obligation to keep his address current:

> **CHANGE OF ADDRESS**
>
> It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

ECF No. 4 at 2.[1] In the **"DECLARATIONS"** section at the end of the complaint form, Cardona subscribed to the statement: "I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." *Id.* at 5. And in the Court's order granting Cardona leave to proceed *in forma pauperis*, the Court stated, "Plaintiff shall notify the Court of any change of address by filing

---

[1] The same statement is set forth in the Amended Complaint which was signed and filed by Cardona. *See* ECF No. 10 at 2.

a written Notice of Change of Address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution." ECF No. 6.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (Section 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff has failed to keep the Court apprised of his current address as required by the local rules, *see* N. D. Tex. Civ. R. 83.13 and 83.14, and in direct conflict with the Court's order and the instructions he signed, it appears that he no longer desires to pursue his claims in this cause, such that it could be dismissed for want of prosecution. Plaintiff will be given a chance to update his address or show cause as to why the case should not be dismissed.

It is therefore ORDERED that Enrique Cardona shall have until March 24, 2023, to either file a Notice of Change of Address listing his current address of record or file a document showing cause as to why this case should not be dismissed without prejudice for lack of prosecution. Failure to respond to this Order could result in the dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b).[2]

**SO ORDERED** this **3rd day** of **March, 2023**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[2] *See Hickerson v. Christian*, 283 F. App'x 251 (5th Cir. 2008) (A district court may *sua sponte* dismiss an action for failure to prosecute under Rule 41(b)); *see also Link*, 370 U.S. at 630 (a court may dismiss for lack of prosecution under its inherent authority).

2